1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 ## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 LUIS LERMA, an Individual and NICK PEARSON, an Individual, On Behalf of Themselves and All Others Similarly Situated, | CASE NO. 11cv1056-MDD |
| | ORDER OF PRELIMINARY APPROVAL OF CLASS SETTLEMENT |
| Plaintiffs, | [ECF NO. 81] |
| v. | |
| SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware Corporation and SCHIFF NUTRITION GROUP, INC., a Utah Corporation, | |
| Defendants. | |

Before this court is Plaintiff's unopposed motion for preliminary

approval of class settlement and provisional class certification pursuant

to Fed. R. Civ. P. 23.

BACKGROUND

On May 13, 2011, Plaintiffs Luis Lerma, on behalf of himself and

all others similarly situated, initiated this action by filing a class action

Complaint against Defendants, Schiff International, Inc., a Utah

Corporation and Schiff Nutrition Group, Inc., a Utah Corporation (ECF

No. 1)[1]. On March 12, 2012, Plaintiff filed a Third Amended Complaint ("TAC") incorporating Plaintiff Pearson and his claims against Defendants[2]. (ECF No. 33). Plaintiffs alleged that Defendants violated the Consumers Legal Remedies Act, Civil Code § 1750, et seq.; Unfair Competition Law, Business and Professions Code § 17200 et seq.; Illinois Consumer Fraud Act, 502/1, et seq.; personal injuries/medical monitoring; personal injuries/negligence; and breach of express warranty. (*Id.* at 33).

On March 28, 2012, Defendant Schiff Nutrition International, Inc. filed an Answer to the TAC. (ECF No. 37). On February 14, 2012, the court issued the first Fed. R. Civ. P. 26 scheduling order in the case and discovery commenced. (ECF No. 29).

In the fall of 2013, the parties informally notified the court that a settlement in principle had been reached. On March 28, 2014, the parties consented to the jurisdiction of this court for all purposes. (ECF No. 84).

On March 25, 2014, Plaintiffs filed the Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, accompanied by the declaration of Plaintiffs' counsel

---

[1] The designation ECF denotes "Electronic Filing" and refers to this court's docket sheet and the enumerated documents listed therein for this case. Specific page numbers parallel the ECF designation and do not necessarily sync with the page numbers found in the original document.

[2] "On December 15, 2011, Plaintiff Pearson filed a Class Action Complaint in the Northern District of Illinois against Defendants, Pearson v. Schiff Nutritional Int'l, et al., 1:11cv08914 (N.D. Ill.) . . . alleging similar claims to the Lerma Action . . . On February 27, 2012, Plaintiff Pearson voluntarily dismissed his Complaint. . . . [A]fter meeting and conferring with Defendants, Plaintiff Lerma prepared a Third Amended Complaint incorporating Plaintiff Pearson and his claims against Defendants." (ECF No. 33, at 2).

and several exhibits.[3]  (ECF No. 81).  Plaintiffs request the court enter an order that: (1) preliminarily approves the terms of the Settlement; (2) approves the Notice Plan as set forth in pleadings; (3) schedule a final Fairness Hearing; (4) conditionally certify the Class for settlement purposes; (5) conditionally appoint Plaintiffs Lerma and Pearson as Class Representatives; (6) conditionally appoint Elaine A. Ryan; Stewart M. Weltman, and Jeffrey Carton as Class Counsel.

A hearing on Plaintiffs' unopposed motion for preliminary approval of class settlement was held on July 10, 2014.  After hearing from counsel, the court issued an order granting Plaintiffs an opportunity to file an amended motion for preliminary approval of class settlement. (ECF No. 100).  On September 15, 2014, Plaintiffs filed a supplemental brief re: Plaintiffs' motion for preliminary approval of class settlement. (ECF. No. 107).  Also filed on September 15, 2014, was Defendants response in support of Plaintiffs' motion.  (ECF. No. 108).

TERMS OF PROPOSED SETTLEMENT

The proposed settlement class (the "Class") consists of "[a]ll residents of the United States who purchased for personal use, and not resale or distribution, a Covered Product between January 1, 2005, and the Preliminary Approval Date . . . ." (ECF No. 81 at 3).  Class members do not include "Schiff and its respective affiliates, employees, officers, directors, agents, and representatives and their immediate family members; Settlement Class Counsel; and the judges who have presided over the Litigation and their immediate family members."  (*Id.* at 4).

I.    Class Benefits

---

[3] Plaintiff submits the following exhibits: (1) Settlement Agreement and Release (Exh. 1); (2) proposed  Postal Notice (Exh. 1-A); Expert Report of Dr. Thomas Schnitzer, M.D. (Exh.3); Lawyer Resumes (Exh 4); Declaration of Claims Administrator (Exh. 5); Settlement Notice Plan (2nd Exh. 1); Vita of KCC Legal Notification Service team (Attachment A); proposed Summary Notice (Attachment B).

### 1. Monetary Relief

Defendants will create a $2 million fund to be paid to Settlement Class Members who make valid claims. (*Id.*). "Settlement Class Members who have adequate Proof of Purchase[4] shall be entitled to reimbursement of $10 for each purchased bottle of the Covered Products up to five (5) bottles per household." (P's Supplemental Mem., ECF No. 107 at 14). "Settlement Class Members who do not have any adequate proof of purchase will be entitled to reimbursement of $3 per bottle of the Covered Products purchased up to a maximum of four (4) bottles per household." (ECF No. 81 at 4). "There is no ceiling on the amount of monies that Defendants may have to pay for Valid Claims. Defendants have agreed to pay all Valid Claims." (*Id.*). In the event that the total value of Valid Claims do not reach $2 million, the payment to each Settlement Class Member who submits a Valid Claim with Adequate Proof of Purchase shall be increased pro rata up to a maximum of triple of what he or she would be entitled to under the Settlement Agreement." (*Id.* at 5). "If, after that increase, the total payments still do not reach $2 million, then the payment to each Settlement Class Member who submits a valid claim without Adequate Proof of Purchase shall be increased pro rata up to a maximum of double what he or she would be entitled to under the Settlement Agreement." (*Id.*) After these increases "any residual amounts up to $2 million will be divided pro rata among the Settlement Class Members who have submitted Valid Claims." (*Id.*).

### 2. Injunctive Relief

Defendants have "agreed to the removal of certain labeling claims from all of the Covered Products currently being manufactured or sold by

---

[4]"e.g. receipts, intact boxes or bottles that display a readable UPC code and readable lot number, or similar documentation that identifies the Covered Product and date and location of purchase." (Id.).

Defendants." (*Id.* at 5). "[F]or a period of twenty four (24) months commencing six (6) months after the Effective Date, Defendants will not make the following statements in the packaging or marketing of the Covered Products: 'repair joints,' 'repair cartilage,' 'rebuild joints,' 'rejuvenate joints,' or 'rejuvenate cartilage.'" (*Id.*). If the labeling changes are kept in place by Defendants beyond the 24-month period "no Settlement Class Member who purchases such product after the 24-month period can sue Defendants on any claim that was or could have been asserted in the litigation." (*Id.*). "[I]f subsequent to the Effective Date, Defendants possess and rely upon an independent, well-conducted, published clinical trial that substantiates the representations." (*Id.*).

## II.   Incentive Awards to Class Representatives

Plaintiffs Luis Lerma and Nick Pearson shall be provisionally appointed as the Class Representatives to implement the Parties proposed Settlement in accordance with the Settlement Agreement. Plaintiffs' Counsel Bonnett, Fairbourn, Friedman & Balint, P.C., Stewart M. Weltman LLC and Denlea & Carton are appointed as Class Counsel. Plaintiffs and Class Counsel must fairly and adequately protect the Class' interests.

Defendants have agreed not to oppose or cause any other person to oppose Class Counsels' application for attorneys' fees, costs and expenses in an amount of $3.0 million. (*Id.* at 6).

The parties agree to an incentive award to the Class Representatives "not to exceed $10,000 for the Plaintiffs." (*Id.*).   "All attorneys' fees and expenses are to be paid separate and apart from, and will not diminish or erode, the payment of claims to Settlement Class Members. . . ." (*Id.*).

## III.  Consent Jurisdiction and Modification to Settlement

The Class Representatives and the Defendants have consented to jurisdiction of the United States Magistrate Judge Mitchell Dembin for all purposes in this case, pursuant to 28 U.S.C. § 636(c), including approval of the settlement and the entry of final judgment. All citations to this case in the notices and claim forms shall be as follows: *Luis Lerma, an Individual, and Nick Pearson, an Individual, On Behalf of Themselves and All Others Similarly Situated v. Schiff Nutrition International, Inc., a Delaware Corporation, and Schiff Nutrition Group, Inc., a Utah Corporation*, Case No. 3:11cv1056-MDD.

The court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendants and without future notice to the Settlement Class Members.

## DISCUSSION

"Voluntary conciliation and settlement are the preferred means of disputed resolution in complex class action litigation." *Smith v. CRST Van Expedited, Inc.* 2013 WL 162393, at *2 (S.D. Cal. Jan 14, 2013)(citing *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). But because "[t]he class action device...is [] susceptible to abuse and carries with it certain inherent structural risks, ... class actions may be settled only with the approval of the district court." *Officers for Justice*, 688 F.2d at 623; see also Fed. R. Civ. P.23(e). "[A]pproval...involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

Here, the court is at the preliminary approval stage. This "initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice*, 688 F.2d at 625. "Because class members will subsequently receive notice and have an opportunity to be heard on the settlement, th[e] Court need not review the settlement in detail at this juncture." *In re M.L. Stern Overtime Litig.*, 2009 W.L. 995864, at *3 (S.D. Cal. April 13, 2009). However, even at this preliminary stage, "a district court may not simply rubber stamp stipulated settlements." *Kakani v. Oracle Corp.*, 2007 WL 1793774, at *1 (N.D.Cal. June 19, 2007) (citing *Staton v. Boeing Co.*, 327 F. 3d 938, 959-60 (9th Cir. 2003)). "Especially in the context of a case in which the parties reach a settlement by agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing*, 327 F.3d at 952.

I.   Federal Rule of Civil Procedure 23(a) Requirements

"A party seeking to maintain a class action must be prepared to show that Rule 23(a)'s numerosity, commonality, typicality and adequacy of representation requirements have been met, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S.Ct. 2541, and must satisfy through evidentiary proof at least one or Rule 23(b)'s provisions." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1429 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S.Ct. 2541 (2013)). Here, Plaintiff seeks certification of a settlement class pursuant to Fed. R. Civ. P. 23(b)(3).

A.   Numerosity

First, a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Joinder need not be impossible, as long as potential class members would suffer a strong

litigation hardship or inconvenience if joinder were required." *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. May 27, 2010) (citing *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964)).

Here, the parties assert that "from January 1, 2005, and the Preliminary Approval Date" the covered products have been sold nationwide. (Memo of P's and A's ISO of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, ECF No. 81 at 7). Accordingly, the court finds that it is reasonable to conclude "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

B.    Commonality

Commonality requires that the class claims depend upon a common contention . . . .[and] must be of such a nature that it is capable of classwide resolution . . . ." *Wal-Mart Stores, Inc. v. Dukes*, _U,S._, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). In this case, a class of similarly situated individuals alleged that Defendant violated the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*, Unfair Competition Law, Business and Professions Code § 17200 *et seq.*, Illinois Consumer Fraud Act, 502/1, *et seq.*, Personal Injuries/Medical Monitoring, Personal Injuries/Negligence, and Breach of Express Warranty, which raised the following legal issues:

*    Whether the representations or omissions discussed herein that Defendants made about the Covered Products were or are misleading, or likely to deceive;

*    Whether Plaintiffs and the Class members were deceived in some manner by Defendants' representations;

*    Whether the alleged conduct constitutes violations of the asserted herein;

1     *     Whether Plaintiffs and Class members have been injured and

2           the proper measure of their losses as a result of those injuries;

3     *     Whether Plaintiffs and Class members are entitled to

4           injunctive, declaratory or other equitable relief.

5 (ECF. No. 81 at 9).

6     Pursuant to Rule 23(b)(3) the court finds that the allegations set

7 forth in Plaintiffs' complaint are common to the Class Members and

8 predominate over any individual claims, "and that a class action is

9 superior to other available methods for fairly and efficiently adjudicating

10 the controversy." Fed. R. Civ. P. 23(b)(3).

11    C.    Typicality

12    The third Rule 23(a) prerequisite is typicality of claims.   "[T]he

13 claims or defenses of the representative parties are typical of the claims

14 or defenses of the class." Fed. R. Civ. P. 23(a)(3).   The claims of the class

15 representatives must be "reasonably coextensive with those of absent

16 class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.

17 1998).

18    Plaintiffs allege that "the labeling and advertising of the Covered

19 Products all misrepresented the products' effectiveness in providing joint

20 health benefits." (ECF No. 81 at 10).   "Plaintiffs further alleged that they

21 and all members of the Settlement Class were injured when they paid

22 money to purchase the Covered Products." (*Id.*)  No claim has been raised

23 by Plaintiffs that is unique to themselves.  Accordingly, the court finds

24 the typicality prerequisite has been preliminarily satisfied.

25    D.    Adequacy

26    "Rule 23(a)(4) permits the certification of a class action only if the

27 'representative parties will fairly and adequately protect the interests of

28 the class.'" *Staton v. Boeing*, 327 F. 3d. at 957. "To determine whether the

representation meets this standard, we ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* Counsel for Plaintiffs have submitted exhibits outlining Plaintiffs counsels' experience prosecuting complex consumer actions. (See ECF No. 81-5, Exh. 4). Based upon the record before the court, it appears that neither Plaintiffs nor their counsel have any conflict of interest with any other class member. The court finds the adequacy prerequisite has been preliminarily satisfied.

E.    Predominance and Superiority

In addition to meeting all four of the Rule 23(a) prerequisites, Plaintiff must also meet one of the Rule 23(b) requirements. As previously stated, Plaintiff seeks certification pursuant to Rule 23(b)(3): (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

Predominance concerns whether "questions of law or fact common to the class will predominate over any questions affecting only individual members as the litigation progresses." *Amgen*, 133 S. Ct. at 1195. In Plaintiffs' unopposed motion for preliminary approval of class settlement, Plaintiffs assert the proposed settlement satisfies the predominance requirement because "the central issues for every claimant are whether Defendants' claims that the Covered Products provided clinically proven joint health benefits were false or deceptive and whether Defendants alleged misrepresentations regarding the effectiveness of the Covered Products was likely to deceive a reasonable consumer." (ECF No. 81-1 at

21).  "These issues predominate and are together the 'heart of the litigation' because they would be decided in every trial brought by individual members of the Settlement Class and can be proven or disproven with the same class-wide evidence." (*Id*.).

On these facts, the court finds that the Rule 23(b)(3) predominance requirement has been preliminarily established.

The court must next consider whether "a class action [would be] 'superior to other available methods for fairly and efficiently adjudicating the controversy." *Colin v. Jaguar Land Rover North America*, LLC, 619 F.3d 1168, 1175 (9th Cir. 2010) (quoting Fed. R. Civ. P. 23(b)(3))). Whether class certification is the superior method for adjudicating class members' claims, the four factors enumerated in Rule 23(b)(3) must be considered: (a) the class members interests in controlling litigation, (b) the nature of litigation, (c) the desirability of concentrating the litigation of the claims, and, (3) the manageability of the class.  "[Consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accujix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001).

In this case, the relatively small amount of money involved and the expense associated with each class member prosecuting a separate case makes it highly unlikely that individual litigation would be undertaken. "Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying  a class action." *See Id*. at 1190.  A class action would offer those with small claims the opportunity for meaningful redress.  Here, the court finds that the Rule 23(b)(3) superiority requirement has been preliminarily established.

The court grants preliminary certification of the proposed settlement class.

F.   Fairness of the Proposed Settlement

The court must carefully consider "whether a proposed settlement is fundamentally fair, adequate, and reasonable," understanding that "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness...." *Staton v. Boeing Company*, 327 F.3d 938, 952 (9th Cir. 2003) (internal citations omitted). "In making this appraisal, courts have broad discretion to consider a range of factors such as 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.* at 959 (internal citations omitted). "The relative importance to be attached to any factor will depend upon and be dictated by  the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Service Commission of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

"The first step in district court review of a class action settlement is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.'" *Gautreaux v. Pierce*, 690 F. 2d 616, 621 ftnt 3 (7th Cir. 1982). The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights. *See Davis v. City and County of San Francisco*, 890 F.2d 1438, 1444 n. 5 (9th Cir. 1989).

At this juncture, Plaintiff's counsel has sufficiently demonstrated that the procedure for reaching this settlement was fair and reasonable. Weighing all the factors in favor of preliminary approval, the court finds the settlement is within the range of possible approval. This preliminary determination establishes an initial presumption of fairness. *See In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 785 (3rd Cir. 1995).

II.   Notice

The Notice of Class Action Settlement will be provided through the following methods:

A.   "'[The proposed] Notice Plan uses a combination of notice placements in well-read consumer publications and on a variety of websites to effectively reach Class members.  To fulfill the CLRA (California Consumer Legal Remedies Act) notice requirement, the notice program also includes four placements, once a week for four consecutive weeks in San Diego Union Tribune." (ECF No. 81-6, at 25).

B.   Notices will be placed in the seven following publications:

| Arthritis Today | Prevention |
| First for Women | Reader's Digest |
| Parade | Woman's World |
| People | |

C.   Notices will be placed on the following internet networks:

| Google Display | Google Search |
| Microsoft Display | Yahoo! RMX |
| Facebook | |

D.   "An informational website will be established . . . . The website address will be prominently displayed in all printed notice materials and accessible through a hyperlink embedded in the internet banner notices."

(*Id.* at 26).

E.   "A toll-free number will be established to allow a simple way for Class members to learn more about the settlement in the form of frequently asked questions and answers and to request to have more information mailed directly to them.  The toll-free number will be prominently displayed in all printed materials." (*Id.*).

F.   A Facebook webpage will be established enabling Class members to learn more about the class action settlement.  (*Id.* at 35).

III.   Right to Elect Not to Participate in Settlement

"A member of the Settlement Class who wishes to opt-out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked or submitted electronically not later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class and purchased one or more of the Covered Products.  A member of the Settlement Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed."  (ECF No. 107-12, at 19).   A Class Member who desires to be excluded but who fails to comply with the opt-out procedure shall not be excluded from the class. (*Id.*).   "The Settlement Administrator shall provide Settlement Class Counsel and Defendants' Counsel with the Opt-Out List within (7) Days after the Opt-Out and Objection Date." (*Id.*).

IV.   Right to Object

Any Settlement Class Member who does not opt-out and who

wishes to object to the Settlement "must do so on or before the Opt-Out and Objection Date." (*Id.* at 18). To be considered valid the objection must be submitted to the court and served on Settlement Class Counsel and Defendant's Counsel. An objection must provide: (a) the name, address, telephone number of the person objecting and, if represented by counsel, of his/her counsel; (b) a signed declaration that he or she is a member of the Settlement Class and purchased one or more of the Covered Products; (c) a statement of all objections to the Settlement; and (d) a statement whether he or she intends to appear at the fairness hearing. (*Id.*). Class members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the settlement. (*Id.*).

The Settlement Administrator shall make available an electronic copy of this preliminary approval Order in a prominent location on the informational website. The Settlement Administrator shall include a statement, in a prominent location on the Class Notice, Publication Notice and claim forms, informing the putative class members that a copy of this Order is available on informational website.

In all other respects, the court finds that the proposed notice procedures are reasonably calculated to adequately apprise Class Members of (a) a pending lawsuit; (b) the proposed settlement; and (c) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

//

//

V. Preliminary Injunction

Defendant's request a preliminary injunction "enjoining all

members of the Settlement Class from commencing or continuing any lawsuit or other proceeding relating to the Released Claims." (ECF No. 108 at 10). According to the Defendants, an injunction is appropriate under the All Writs Act, 28 U.S.C. § 1651 to keep a parallel proceeding from undermining settlement in this case. (ECF No. 108 at 12). Defendants contend that a preliminary injunction is particularly justified here because a settlement has been reached "and parallel proceedings create the risk of inconsistent decisions . . . and impair this Court's flexibility in reviewing and approving the settlement." (*Id.*). The parties specifically cite two other on-going federal cases in support of their request for injunctive relief: *Mitchell v. Schiff Nutrition, et al.*, 3:14cv00387 (S.D. Cal.); *Flowers v. Schiff Nutrition, et al.*, 2:13cv09406 (C.D. Cal.).

"The All Writs Act provides that: 'The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Negrete v. Allianz Life Insurance Company of North America*, 523 F.3d 1091, 1098 (9th Cir. 2008). However, a court should not enjoin conduct under the Act that is "not shown to be detrimental to the court's jurisdiction." *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). "[T]he mere fact that some other court might complete its proceedings before the district court [is] able to complete the proceedings in [its own] case does not justify an injunction."[5] *Negrete,* 523 F.3d at 1100, ftnt 13 (*citing Vendo*

---

[5] "[A] district court's injunctive power is not unfettered under the All Writs Act; rather it is circumscribed by the Anti-Injunction Act [which] generally prohibits courts from enjoining state proceedings, except for three enumerated exceptions." *Negrete* 523 F.3d at 1100. Although, as Defendants have noted, the only other pending cases at issue are in federal court, therefore, the court will not address the essentials of the Anti-Injunction Act.

*Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641-42, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977)). In addition, "[t]here is precious little authority dealing with injunctions . . . to another federal district court." *Negrete*, 523 F.3d at 1099. In *Bergh v. Washington*, 535 F.2d 505 (9th Cir. 1976), the Ninth Circuit held:

> [W]hen an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases. Where, as here, the [] federal courts are of coordinate jurisdiction, and their decisions are reviewed by the same Court of Appeals, the issuance of such an injunction is rarely, if ever, justified.

*Id.* at 507 (internal citations omitted).

The two Ninth Circuit cases cited by Defendants are not particularly instructive and do not support their assertion that federal district courts "routinely" and "regularly" preliminarily enjoin pending cases." (ECF No. 108 at 10-11). Defendants cite *Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468 (E.D.Cal. 2009). In its order of preliminary approval of class settlement the court in *Wright* issued an injunction pursuant to the All Writs Act recognizing that "the existence of other actions by class members for the same or similar claims could jeopardize the ability to proceed with final approval of the settlement." *Id.* at 477.

Here, the court does not perceive a threat from the other pending cases that would persuade it to set aside the principles of comity and enjoin a pending action in a court of equal jurisdiction. As the court in *National Union Fire Insurance Company of Pittsburgh, PA., v. Payless Shoesource, Inc., et al.*, 2012 WL 3277222 (N.D. Cal), pointed out, "the limited instances in which a district court in this Circuit has enjoined [later filed cases] dealt with unusual factors that counseled in favor of enjoining the [later filed] action[s]. . . ." *Id.* at 9. *See Broadcom Corp v.*

*Qualcomm Inc.*,2005 WL 5925582 (C.D.Cal. 2005) (enjoining the second-filed of three actions for patent infringement with a parallel proceeding on the same patent claims pending before the United States Trade Commission.); *Kiland v. Boston Sci. Corp.*, 2011 WL 1261130 (N.D.Cal. 2011) (enjoining second-filed action in the District of Minnesota but after the district court voluntarily stayed its own proceedings in favor of the California case.).

Defendants also cite *Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998) in support of their request for an injunction. The court in *Hanlon* invoked its authority under the All Writs Act and enjoined a state class action brought by a class member who attempted to opt out an entire state sub-class from the pending federal case. *Hanlon* was a complex mass tort litigation involving potentially 3.3 million class members with a settlement valuation of $115 million. The instant case is not complex and while the potential pool of class members could top two million this is not a case where an injunction would aid the court's jurisdiction. Nor does the court find that the other pending federal cases are "in a position to frustrate the implementation of a court order or the proper administration of justice." *U.S. v. New York Tel. Co.*, 434 U.S. 159, 174, 98 S.Ct. 364, 373 (1977).

As stated previously, the All Writs Act exists to avoid any threat to the court's jurisdiction that has "the practical effect of diminishing the court's power." *ITT Community Dev. Corp.*, 569 at 1359. It does not apply to a *party's* "continuing interest in prosecuting a lawsuit." *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1213 (DCC 1989). No identifiable threat to the jurisdiction of this court has been presented. Applying the limited precedent in this area, the court finds no basis for issuing an injunction in this case. Accordingly, Defendant's motion for

injunctive relief pursuant to the All Writs Act is denied.

CONCLUSION

IT IS HEREBY ORDERED that the Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 81) filed by Plaintiffs is GRANTED as follows:

1. The Amended Settlement Agreement (Pl. Exh. 13, ECF No. 107-13 at 2) including the Class Notice provisions and claim form, are preliminarily approved;

2. If the Settlement Agreement terminates by its terms for any reason, the following will occur: (a) this Order will be vacated; (b) class certification will automatically be vacated, Plaintiffs will stop functioning as class representatives and , Class Counsel will revert to interim class counsel; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.

2. The Class is provisionally certified as a class of all persons who purchased one of the Covered Products during the period from January 1, 2005 and the date of preliminary approval;

3. Plaintiffs Lerma and Pearson are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement. Settlement Class Counsel (for settlement purposes only) are: Elaine A. Ryan; Stewart M. Weltman, and; Jeffrey I. Carton. Plaintiffs and Class Counsel must fairly and adequately protect the Class' interests.

4. The court expressly reserves the right to determine, if necessary, whether the Named Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and Defendants

1    hereby retain all rights to assert that the Named Plaintiffs'

2    proposed claims may not be certified as a class action except for

3    settlement purposes.

4  5.    The court finds the proposed settlement is sufficiently fair,

5    reasonable and  adequate to warrant providing notice to the

6    Settlement Class.  This determination permitting notice to the

7    Settlement Class is not final, but a determination that there is

8    probable cause to submit the proposed Settlement Agreement to the

9    Settlement Class and to hold a Fairness Hearing to consider the

10    fairness, reasonableness, and adequacy of the proposed Settlement.

11  6.    The court appoints KCC Class Action Services as Settlement

12    Administrator in accordance with Section III Paragraph C of the

13    Amended Settlement Agreement.

14  7.    The court approves the Class Notice, the content of which is

15    without material alteration from Attachment B to Exhibit 1 to the

16    Declaration of Gina Intrepido-Bowden (ECF No. 81-6 at 53) and

17    directs the Settlement Administrator to publish the Class Notice in

18    accordance with the Settlement Class Notice Program provided for

19    in the Declaration of Gina Intrepido-Bowen. (ECF No. 81-6).

20  8.    Defendants will notify Class Members of the Settlement in the

21    manner specified under Section VII of the Settlement Agreement.

22    Defendant will pay all costs associated with claims administration

23    and providing notice to Class Members.  Within a reasonable

24    amount of time before the filing date of Plaintiffs' application or

25    motion in support of the Final Approval Order and Judgment,

26    Defendants are to provide Plaintiffs with a declaration or

27    declarations from the Settlement Administrator confirming that the

28    notice has been provided in accordance with the Settlement

Agreement.

9.  The Settlement Administrator shall make available an electronic copy of this preliminary approval Order in a prominent location on the informational website. The Settlement Administrator shall include a statement, in a prominent location on the Class Notice and claims forms, informing putative class members that a copy of this Order is available on the informational website.

10. Class Members who want to receive a monetary settlement must accurately and completely fill out a Claim Form and submit it to the Claims Administrator within one hundred twenty (120) days from the date of this Order. Settlement Class Members who do not submit a complete and timely Claim Form in compliance with the Settlement Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

11. The court approves the creation and maintenance of the Settlement Class website that shall include, at a minimum, downloadable copies of the Class Notice, Claim Form and Settlement Agreement and shall be maintained in accordance with terms of the Settlement Agreement.

12. The court orders any members of the Settlement Class who wish to exclude themselves from the Settlement Class to submit appropriate, timely requests for exclusion in accordance with the procedures outlined in the Settlement Agreement and Class Notice, postmarked no later than one hundred twenty (120) days from the entry of this Order, or as the court may otherwise direct, and sent to the Settlement Administrator at the address on the Class Notice.

13. The court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e. become an Opt-Out) on or before one hundred twenty days (120) days from the entry of the Order will be bound by all proceedings, orders and judgments in the litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release (as set forth in Section II Paragraphs Z-CC of the Settlement Agreement).

14. Class Members who have not submitted a timely written exclusion request pursuant to this Order who want to object to the Settlement Agreement must file a written objection and/or Notice of Intention to Appear with the court, and serve copies on Class Counsel and Defendants' Counsel no later than one hundred twenty (120) days after the date of this Order. The Objection must state: (a) the Settlement Class member's full name, address and telephone number; (b) a signed declaration that he or she is a member of the Settlement Class and purchased Covered Product(s); (c) a written statement of all grounds for the objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing; and (e) if the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney representing the objector who will appear at the Fairness Hearing. Any response to an objection shall be filed with the court no later than seven (7) days prior to the Fairness Hearing.

15. The court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to

make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Settlement Class Counsel and Defendants' Counsel) and to file with the Clerk of Court a notice of intention to appear no later than one hundred twenty (120) days from the entry of this Order or as the court may otherwise direct. Counsel who do not adhere to these requirements will not be heard at the Fairness Hearing.

16. Any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Section VII Paragraph C of the Amended Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

17. The Settlement Administrator shall establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, and any other communications, and providing that only the Settlement Administrator, Settlement Class Counsel, Defendants' Counsel, the court , the Clerk of Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

18. The court directs that Settlement Class Counsel shall file their applications for the Attorneys' Fee Award and Named Plaintiffs' Incentive Award one hundred ten (110 days from the entry of this Order in accordance with the terms set forth in Section VI Paragraph A of the Settlement Agreement.

19. The Settlement Administrator shall compile a list of all Class Members who timely send a written request to be excluded from the settlement and provide a copy of that list to Class Counsel ten (10)

1  calendar days after the Opt-Out Date, and then file with file with
2  Court the Opt-Out List with an affidavit attesting to the
3  completeness and accuracy thereof no later than five (5) days
4  thereafter or on such other date as the Parties may direct.

5  20.  If the Settlement Agreement terminates by its terms for any
6  reason, the following will occur: (a) this Order will be vacated; (b)
7  class certification will automatically be vacated; (c) Plaintiffs will
8  stop functioning as class representatives and Class Counsel will
9  revert to interim class counsel; (d) this Action will revert to its
10  previous status in all respects as it existed immediately before the
11  Parties executed the Settlement Agreement; and, e) no reference to
12  the Settlement Class, the Settlement Agreement, or any
13  documents, communications, or negotiations related in any way
14  thereto shall be made for any purpose in the litigation or in any
15  other action or proceeding.

16  21.  Neither the Settlement Agreement, nor any of its provisions, nor
17  any of the documents (including but not limited to drafts of the
18  Settlement Agreement, this Preliminary Approval Order or the
19  Final Order and Judgment), negotiations, or proceedings relating in
20  any way to the Settlement, shall be construed as or deemed to be
21  evidence of any admission or concession by any person, including
22  Schiff, and shall not be offered or received in evidence, or subject to
23  discovery, in this or any other action or proceeding except in an
24  action brought to enforce its terms or except as may be required by
25  law or Court order.

26  22.  All discovery and pretrial proceedings and deadlines are stayed and
27  suspended until further notice from the court, except for such
28  actions as are necessary to implement the Settlement Agreement

1   and this Order.

2   23.  The court directs that settlement class counsel shall file their

3        applications for the Attorney's Fee Award and Named Plaintiffs'

4        Incentive Award fourteen (14) days prior to the date set for final

5        approval of the Settlement and Settlement Agreement.

6   24.  The Court reserves the right to adjourn or continue the Fairness

7        Hearing, or any further adjournment or continuance thereof,

8        without further notice other than announcement at the Fairness

9        Hearing or at any adjournment or continuance thereof, and to

10       approve the Settlement with modifications, if any, consented to by

11       the Settlement Class Counsel and Defendants' Counsel without

12       further notice.

13  25.  Final Approval Hearing.  A Final Approval Hearing shall be held

14       before this court on **April 8, 2015, at 10:00 a.m. in Courtroom 1E**

15       **in the Edward J. Schwartz Federal Courthouse, 221 W.**

16       **Broadway, San Diego, CA, 92101.**

17       IT IS SO ORDERED.

18

19  DATED:  November 21, 2014

20

21                               Hon. Mitchell D. Dembin

22                               U.S. Magistrate Judge

23

24

25

26

27

28