# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, on behalf of himself and all other similarly situated California residents,<br><br>Plaintiffs,<br><br>v.<br><br>SCHIFF NUTRITION INTERNATIONAL INC., a Delaware Corporation, and SCHIFF NUTRITION GROUP, INC., a Utah Corporation,<br><br>Defendants. | CASE NO. 11cv1056-MDD<br><br>ORDER DENYING MOTION TO RECONSIDER RULING ON MOTION TO STAY SETTLEMENT APPROVAL PROCESS<br><br>[ECF NO. 118] |

On December 22, 2014, the parties filed a Stipulation to Stay Settlement Approval Process and Engage in Further Mediation. (ECF No. 116). The Court construed the stipulation as a motion to stay and denied the motion on January 25, 2015. (ECF No. 117). On January 30, 2015, Plaintiffs filed a "Response to Court's January 25, 2015 Order . . . Regarding Motion to Stay Settlement Approval Process. (ECF No. 118).

The Court's Order did not invite a response. Rather than reject it, however, the Court will construe the response as a Motion to Reconsider. As construed, the motion is **DENIED**.

As in their prior Motion, which was denied by the Court, Plaintiffs

- 1 - 11cv1056-MDD

present their concern that final approval of the settlement agreement preliminarily approved by this Court on November 21, 2014, is rendered doubtful as a consequence of a decision rendered by the Court of Appeals for the Seventh Circuit in a similar case. *See Pearson, et al., v. NBTY, Inc., et al.*, 772 F.3d 778 (7th Cir. 2014). In its earlier Order, the Court rejected the view that the *Pearson* decision required a stay of the proceedings in this case to allow the parties to return to mediation and consider changing their settlement agreement. On the question of whether to continue or stay the settlement process, the Court finds that differences between the instant settlement agreement and the settlement agreement in *Pearson*, and differences in circuit law, do not require a continuance or stay in this case. Nothing new in that regard was presented to the Court in the instant Motion. The parties remain at liberty to consider modifying their settlement agreement and jointly presenting any modifications to the Court.

In their motion for reconsideration, Plaintiffs also ask the Court to consider the impact of a settlement agreement in a case pending in the Southern District of New York, with different plaintiffs and different defendants, in which the defendants agreed, as part of the stipulated injunctive relief, to refrain from using synonyms to the language which prompted the lawsuit. (ECF No. 118 *2 and Exh. A to ECF No. 188). The Court will not rule in advance of any objections regarding whether synonyms should be included in the injunctive relief to be ordered in this case upon final approval. That such terms were negotiated in another case with different parties in a different court does not justify a stay or continuance in the instant case. The parties may choose to preempt an anticipated objection by negotiating changes and jointly moving the Court to accept an amendment to the settlement agreement. This Court

will not require the parties to pursue that path; it is entirely up to them.

At the time of the settlement agreement and preliminary approval in the instant case, the district court in *Pearson* already had determined that the injunctive relief in that case had no value in terms of considering the overall value of the agreement to the class and in considering the appropriateness of the fee request. The Seventh Circuit agreed. *Pearson* at 785-86. In this Circuit, however, as the parties acknowledged in moving for preliminary approval, injunctive relief can be given a value and that value can be part of the consideration of the Court regarding the appropriateness of a fee request in this Circuit. *See, e.g., In re: Ferrero Litigation*, 583 Fed. Appx. 665, 668 (9th Cir. 2014); *Carr v. Tadin, Inc.,* 2014 WL 7499454 *3 (S. D. Cal. December 5, 2014). This is particularly true when a lodestar method ultimately is used to determine the appropriate fee. *Id.*

This Court expresses no view regarding how it may rule on any objections to final approval. Nor is the Court expressing any view regarding how it would respond to a request to continue the final approval hearing in the event the parties agree to modify their settlement agreement in some way and move the Court for approval of the modification. As matters now stand, however, the motion to continue or stay the settlement approval process and hearing, and the motion to reconsider the denial of that motion, are and remain DENIED.

IT IS SO ORDERED.

DATED: February 2, 2015

Hon. Mitchell D. Dembin
U.S. Magistrate Judge