BRADLEY D. SALTER - CAL BAR # 78-007
**California Office:**
805 N. Bayfront
Newport Beach, CA 92662
**Maui Office:**
24 Malialani Place
Lahaina, HI 96761
(808) 298-7873
Fax (808) 669-0800
Email: Brad@Salterlaw.com

*Counsel for Objector*
Ashley Hammack

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, an Individual and on NICK PEARSON, an Individual On Behalf of Themselves and All Others Similarly Situated,<br>Plaintiffs,<br>vs.<br>SCHIFF NUTRITION INTERNATIONAL, INC., a Deleware Corporatio; and SCHIFF NUTRITION GROUP, INC., a Utah Corporation,<br>Defendants. | Civil NO. 11cv1056-MDD<br>**OBJECTION** |

OBJECTOR, Ashley Hammack, hereby files this objection to the Class Action Settlement in *Luis Lerma, et al. v. Schiff Nutrition International, et al.*, Case Number 11cv1056MDD as follows:

1

## INADEQUATE RELIEF

The relief inadequate and illusory. First, the injunctive relief is inadequate because its scope is limited to 24 months. The limited timeframe subjects both class members and the public to deceptive statements in two years or less. The injunctive relief should be extended to no less than 5 years, after which Defendant can present scientific evidence to support its product claims. Second, the relief is illusory because Defendant can resume its past deceptive practices at any time by petitioning the court (Sec. 4 Par. E (iv)). Defendant should not be permitted to lift the injunction until after injunctive timeframe ends. Third, the monetary relief is inadequate because it does not disgorge Defendant of its ill-gotten profits and does not deter Defendant from its past misconduct. Defendant continues to market its products using deceptive phrases such as, "Helps preserve joints and maintain cartilage." The Settlement has not caused Defendant to change its business practices beyond minor wordsmithing. Moreover, the cost of the label changes to Defendant have not been provided to the Class. Finally, to what extent is the settlement fund coming directly from Defendant versus an insurance carrier? It would be unfair to the Class if insurance proceeds wholly satisfied the monetary relief. Because the injunctive relief does not adequately protect the public interest, and because the monetary relief does not disgorge Defendant of its ill-gotten profits or deter defendant from continuing to make deceptive statements, the Court should reject the Settlement as unfair, unreasonable, and inadequate.

## INADEQUATE CLAIMS PROCESS

Claim forms should not be rejected outright for any deficiency without providing claimants with an opportunity to cure or explain such deficiencies. Many class members are elderly and unfamiliar with such a complex claims process. As a result, no claim should be rejected outright and claimants with rejected claims should be provided with an opportunity to correct any mistakes either prior to the settlement deadline or within a reasonable amount of time if the deficiency is discovered following the settlement deadline. The Court should require the parties to establish a new process for addressing deficient claims.

## EXCESSIVE FEE AWARD

The Court should cap Class Counsel's fee award to 25% of the settlement fund. Class Counsel has not provided any support as to why the Court should veer from its 25% baseline to award one-third of the entire settlement fund. The crux of Class Counsel's justification of its fee award is the injunctive relief. As noted above, the injunctive relief is inadequate and illusory. Additionally, Class Counsel has not informed the Class as to the value of the injunctive relief and, as a result, its value should be disregarded or significantly discounted when determining a reasonable fee award.

The Court should further reduce Class Counsel's fee request because the Class is unable to adequately assess settlement fairness. Class Counsel did not make its fee motion accessible to the Class. Merely filing a fee motion with the court is insufficient to satisfy Rule 23(h), which requires Class Counsel to provide its fee motion to the Class in advance of the objection deadline. Class Counsel's failure to post its fee motion online is contrary to Rule 23(h). The settlement website is the best resource for Class Members to evaluate the Settlement. The Fee Motion is just as important as the preliminary approval order and the settlement agreement because it contains Class Counsel's justification for the settlement. The cost to access the fee motion (either on PACER or through the

3

Clerk's office) exceeds some Class Members' expected benefits. Further, a Class Member should not be required to disturb the Clerk or forego his or her privacy to make a personal request for the fee motion from Class Counsel. By limiting access to its fee motion, Class Counsel has effectively denied the Class a fair and adequate opportunity to assess settlement fairness. Class Counsel should have posted its fee motion to the settlement website. The Court should reduce Class Counsel's fee award.

## EXCESSIVE INCENTIVE AWARDS

The Settlement provides $10,000 in cash to each of the named plaintiffs on top of their settlement benefits. The Ninth Circuit recently found that an incentive award 16 times greater than the amount other class members received "raise[d] serious concerns as to [the settlement agreement's] fairness, adequacy, and reasonableness." Here, Claimants will receive between $3 and $62 before any pro rata increase. Even if pro rata increases triple Claimant recovery, the incentive award is 54 times greater than the largest settlement check. Class Counsel has not provided any support to justify such a disproportional incentive award. Plaintiff Lerma, Pearson, and Jayson's activity was limited to reviewing some pleadings, providing documents, participating in the discovery process, and keeping in constant communication with counsel throughout the litigation. This activity is not out of the ordinary and is expected from every adequate class representative. Did the named plaintiffs sit for depositions? Were they subjected to any risks? Class Counsel says Plaintiff Lerma personally attended the Early Neutral Evaluation Conference in this litigation; however, listening to

4

counsel present their best arguments does not justify $10,000. Plaintiffs may be tempted to accept suboptimal settlements if Courts begin to routinely award thousands of dollars for minimal participation. In fact, the parties initially agreed to a woefully inadequate settlement, which led to an amended settlement agreement. The Court should reduce the amount of the incentive award to $2,790, which is 15 times more than the maximum amount a Claimant will receive.

**Declaration of Ashley Hammack:**

My contact information is 1715 Giddings, Wichita Falls, TX 76309, 940-228-8111. I am a member of the Settlement Class and purchased a Covered Product. I do not intend on attending the Fairness hearing personally or with counsel. I also attest to this objection.

Objector
*/s/ Hammack*
Ashley Hammack

9/24/2015        /s/ Brad Salter
                 Bradley D. Salter
                 Attorney for Objector
                 Ashley Hammack

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the September 24, 2015 and served by the same means on all counsel of record.

/s/ Brad Salter

5

OBJECTION Case No. 11cv1056MDD