BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Admitted pro hac vice*)
Patricia N. Syverson (203111)
2325 E. CAMELBACK ROAD, Suite 300
Phoenix, AZ  85016
eryan@bffb.com
psyverson@bffb.com
Tel:   (602) 274-1100
Fax:  (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, CA 92130
mmeucke@bffb.com
Tel:   (619) 756-7748
Fax:  (602) 274-1199

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted pro hac vice*)
Max A. Stein (*Admitted pro hac vice*)
353 North Clark Street, Suite 1800
Chicago, IL 60654
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone:  (312) 938-1670

[*Additional Counsel Appear On Signature Page*]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS LERMA, an Individual, and NICK PEARSON, an Individual, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware Corporation, and SCHIFF NUTRITION GROUP, INC., a Utah Corporation<br><br>Defendants | Case No.:  3:11-CV-01056-MDD<br><br>**PLAINTIFFS' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF SETTLEMENT AND NOTICE OF EXCLUSION REQUESTS**<br><br>Date: October 30, 2015<br>Time:        10:00 a.m.<br>Courtroom:  1E<br>Judge:        Mitchell D. Dembin |

# TABLE OF CONTENTS

**PAGE**

I. The Settlement Fund is More Than Sufficient to Compensate Settlement Class Members ..................................................................................

II. The Injunctive Relief Provided by the Settlement is Substantial ....................

III. The Claims Process Provided for by the Settlement is Fair and Reasonable ........................................................................................................

    A. The Two-Tier Recovery Process is Fair and Reasonable.......................

    B. Claims are Thoroughly Reviewed and Validated...................................

IV. Plaintiffs Fully Informed Settlement Class Members of the Provisions of the Settlement..............................................................................

V. Settlement Class Counsel's Fee Request is Reasonable ..................................

VI. The Named Plaintiffs' Service Awards Are Reasonable .................................

VII. Objector Smallwood May Pursue Any Personal Injury Claim By Opting Out of this Settlement............................................................................

Plaintiffs Luis Lerma, Nick Pearson, and Muriel Jayson request that the Court overrule the objections of Ashley Hammack [D.E. 158] ("Hammack Obj."), Joan Smallwood [D.E. 161-1] ("Smallwood Obj.") and Charles M. Thompson [D.E. 162] ("Thompson Obj.").[1]

The Objectors contend the Settlement[2] could have been better. However, the issue is not whether the Settlement could have been better, but whether it is fair: "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (in approving a settlement, the court looks to whether "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned") (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)) (internal quotations omitted).

The Settlement is reasonable and fair. Tellingly, there has been ***no*** objection to the amount of compensation to which Settlement Class Members are entitled. This is for good reason. Each claimant will receive $22 for each non-proof claim and $46 for each claim with proof.[3] As the Products' average cost is $20.66[4], all claimants with

---

[1] It is Settlement Class Counsel's understanding that the Objections/Amicus Brief filed by Truth in Advertising, Inc. ("TINA") and the American Association of Retired Persons ("AARP") earlier in this litigation (D.E. 127, 136, 144), are no longer pending before this Court. Nonetheless, the issues they raise are addressed herein.

[2] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Second Amended Settlement Agreement. *See* Second Am. Settlement Agmt. (D.E. 141-2).

[3] These per claim amounts assume that all claims submitted to date are deemed valid. To the extent any claims are rejected for any reason, the amount available to distribute to the remaining Settlement Class Members will be increased.

[4] *See* Supp. Preliminary Approval Motion, Ex. 8 at ¶ 8. The price of the Covered Products can vary from as little as $9.95 to as much as $32.99 with the majority of the

proof of purchase will receive *more* than 100% recovery and the majority of claimants without proof of purchase will receive at least 100% recovery based on the average product price – a tremendous result and better than had the case been successfully tried to judgment.

The injunctive relief is neither "inadequate" nor "illusory." It provides for a meaningful labeling change by an industry leader and one of the largest sellers of glucosamine/chondroitin products in the United States. *See* Final Approval Brief, at 14-20.

Settlement Class Counsel's attorneys' fees request is not excessive. Given the full recovery plus claims payout and the significant injunctive relief obtained, an award of 33% of the Settlement Fund (or $2,148,300) plus actual expenses is not only merited, but is well within the range commonly awarded by courts in analogous cases – under both the percentage-of-the-fund and lodestar approaches. *See* Final Approval Brief, at 36-44. Settlement Class Counsel should be justly compensated for the excellent settlement they negotiated as evidenced by the Class' positive reaction. There were over 40,167 Claims Forms submitted, with only seven Class members opting out of the Settlement and only three objections filed. *See* Ex. A, Supplemental Declaration of Eric Robin Re: Notice Procedures, at ¶¶ 20-21.

The remaining objections – relating to the claim process, the two-tier payment structure, Named Plaintiffs' service awards, and no personal injury specific compensation – are not supported by the factual record and/or the law and should be overruled.

/ / /

/ / /

/ / /

---

products retailing for $20.00 or less. *See* Defendants' Mem. in Supp. of Mot. for Preliminary Approval (D.E. 108) at 4 & Ex. A.

## I. The Settlement Fund is More Than Sufficient to Compensate Settlement Class Members

The Settlement's monetary relief is substantial. Over $3.29 million[5] is available to compensate Settlement Class Members who made claims. Every Settlement Class Member who submitted a claim with proof will receive more than 100% of the amount they paid for the Product and the majority of claimants without proof will receive at least 100% recovery, based on the average price of the Products. For example, Objector Smallwood paid $18.39 for one bottle of Schiff MoveFree Triple Strength (D.E. 161-1), and she will receive $46. Claimants – including Objectors – will receive more compensation under this Settlement than had this case been successfully tried to judgment.

Objector Hammack claims that the amount of relief is inadequate because it "does not disgorge Defendant of its ill-gotten profits and does not deter Defendant from its past misconduct." (Hammack Obj. at 2). The proper measure of damages is actual damages (here, the "difference between the actual value of that with which the defrauded person parted and the actual value of that which he received…" (*Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 675 (2006)), not disgorgement of profits. And, although not required to serve as a deterrent, the $6.51 million that Schiff will pay and the threat of future litigation if it reintroduces the reconstruction representations without substantiation both serve a significant deterrent effect.[6]

---

[5] KCC has estimated that the total final cost of notice and claims administration will be $920,485.25; not the $1.5 million the Parties originally allocated. *See* Ex. A, Supplemental Declaration of Eric Robin Re: Notice Procedures, at ¶ 23. The savings of $579,514.75 will be added to the total amount available to pay claims, increasing the claims fund from $2.7 million to approximately $3.29 million.

[6] Objector Hammack also questions the cost of the labeling changes and the amount paid by Schiff's insurance carrier (Hammack Obj. at 2), without citation to any case law establishing their relevance to the reasonableness of the Settlement because they are not. In any event, Settlement Class Counsel is not privy to Schiff's money sources.

## II. The Injunctive Relief Provided by the Settlement is Substantial

Schiff's removal of *all* representations regarding repairing, rebuilding or rejuvenating joints and/or cartilage (and any versions of those statements using variations of these banned terms) is significant and meaningful. *See* Final Approval Brief, at 11-17. Far from "minor wordsmithing" as Objector Hammack contends (Hammack Obj. at 2), these are the key reasons consumers give for purchasing the Covered Products. *See* Final Approval Brief, at 14-16 (2006-07 focus group studies and 2011 Gallup Study of Supplements for Joint Health finding that consumers viewed the reconstruction representations as important and considered them in making purchase decisions); *Id.* at Ex 2 (consumer survey conducted by Plaintiffs' expert, Thomas J. Maronick, finding that 86% of consumers identified "rebuild cartilage" as a very important reason to buy the Covered Products and that 50% of consumers were "less likely" or "much less likely" to buy the product if there were no reconstruction claims on the package). Further, because the reconstruction representations are a key driver of Product sales, their removal directly benefits an estimated ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Final Approval Brief, at Ex. 1, Gallup Study at 86.

Objector Hammack's argument that a 5 year prohibition period would be better than the agreed upon two years (Hammack Obj. at 2), does not mean that the Settlement is not fair and reasonable – which is the standard by which the Court will evaluate the Settlement. And, Objector Hammack underestimates the hurdle Schiff must clear before it can "resume its past deceptive practices at any time by petitioning the court." (Hammack Obj. at 2). To succeed in any such petition, Schiff must substantiate the representations by "an independent, well-conducted, published clinical trial." *See* Second Am. Settlement Agmt., at IV(E)(iv). Further, Objector Hammack fails to acknowledge that absent such substantiation, upon expiration of the two year period, Schiff is unlikely to reintroduce the reconstruction representations as that would invite another lawsuit.

For all these reasons, the injunctive relief achieved is fair, adequate, and reasonable.

**III.    The Claims Process Provided for by the Settlement is Fair and Reasonable**

    **A.    The Two-Tier Recovery Process is Fair and Reasonable**

Objector Thompson[7] argues that paying a greater per claim amount to Settlement Class Members with proof of purchase is "inherently unfair to both classes." (Thompson Obj. at 4). But he fails to show how he or any other Settlement Class Member was harmed by this process inasmuch as he and most all Settlement Class Members are being paid over 100% of the amount they paid for their purchases based on the average purchase price of the Products.

---

[7] Mr. Thompson—an attorney in Alabama—is a professional objector with a long history of objecting to meritorious settlements such as this one. *See, e.g.*, *Snell v. Allianz Life Ins. Co. of N. Am.*, 2000 WL 1336640, at *9-10 (D. Minn. Sept. 8, 2000) (noting concern that professional objectors may be "a pariah to the functionality of class action lawsuits, as they maraud proposed settlements—not to assess their merits on some principled basis—but in order to extort the parties, and particularly the settling defendants, into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process"); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74, n.18 (E.D. Tex. 2000) (finding that Thompson's objections were "obviously 'canned' objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests"); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002); *Nieme v. Columbia House Co.*, 2002 WL 32363789 (No. A099606) (Cal. Ct. App. Oct. 22, 2002); *Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55, 70 (S.D.N.Y. 2003) ("[Thompson's clients] present nothing, besides conclusory allegations, that their interests were not adequately protected."); *Reynolds v. Beneficial Nat. Bank*, 260 F. Supp. 2d 680 (N.D. Ill. 2003); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52 (D. Mass. Sept. 28, 2005); *Azizan v. Federated Dept. Stores, Inc.*, 2006 WL 4037549, at *6, 10 (N.D. Cal. Sept. 29, 2006); Objection to Proposed Settlement, *Spahn v. Edward D. Jones & Co. L.P.*, 2007 WL 5281756 (E.D. Mo. June 11, 2007); Objection to Class Action Settlement, *Coopoer v. Pac. Life Ins. Co.*, 2007 WL 4604954 (S.D. Ga. Sept. 4, 2007); Motion for Protective Order and Motion to Quash Depositions, *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 2008 WL 2604266 (D. Kan. Feb. 20, 2008); *In re Diet Drugs Prod. Liab. Litig.*, 553 F. Supp. 2d 442, 448 (E.D. Pa. 2008); *Faught v. Am. Home Shield Corp.*, 2010 WL 10959223 (N.D. Ala. Apr. 27, 2010) (overruling objections to the Settlement); *Blessing v. Sirius XM Radio, Inc.*, 507 F. App'x 1, 2 (2d Cir. 2012) (rejecting appeal of settlement approval on behalf of objector represented by "Charles M. Thompson, Birmingham, Alabama"); *Nwabueze v. AT&T, Inc.*, 2013 WL 6199596 (N.D. Cal. Nov. 27, 2013) (overruling Thompson's objection to the Settlement's claim reimbursement process).

**B.     Claims are Thoroughly Reviewed and Validated**

Objector Hammack argues that Settlement Class Members' claims should not be rejected outright based on deficiencies in their claims forms. (Hammack Obj. at 3). The Parties agree, which is why KCC, the third-party claims administrator in this case, has procedures in place to handle any deficiencies in submitted claims. Specifically, "if it is determined that a Claim Form is deficient, a Notice of Deficient Claim Form will be sent to the Class Member allowing them 30 days to cure their deficiency." *See* Ex. A, Supplemental Declaration of Eric Robin Re: Notice Procedures, at ¶ 22. This process ensures that claimants do not miss out on Settlement benefits due to harmless or correctable error. To date, no claims have been rejected as invalid.

**IV.   Plaintiffs Fully Informed Settlement Class Members of the Provisions of the Settlement**

Significantly, there were *no* objections raised as to the specifics of the Notice Plan or the manner in which it was implemented. However, there were two objections regarding access to information, neither of which have merit.

First, Objector Hammack claims that the settlement website was the "best resource" for providing access to Settlement Class Counsel's fee motion and by not posting it on the website, Settlement Class Counsel improperly limited access to the motion and failed to satisfy FRCP 23(h). (Hammack Obj. at 3). However, FRCP 23(h)(1) provides that motions for attorneys' fees made by Settlement Class Counsel must be "directed to class members *in a reasonable manner.*" (emphasis added). There is no requirement that the fee motion be posted on the settlement website. *See, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, 2015 WL 5158730, at *15 (N.D. Cal. Sept. 2, 2015) (overruling 23(h) objection that motions for attorneys' fees were not posted on the lawsuit's website and finding that public filing on the case's docket was sufficient); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 7575004, at *2 (N.D. Cal. Dec. 27, 2011) ("[One court's] preference that the fee petition be posted on the website…does not compel other courts to require the same to fulfill due

1  process."). Further, had Objector Hammack (or any other Class Member) been unable
2  to obtain a copy of the fee motion through the public record, they could have
3  contacted Settlement Class Counsel and they would have been provided with one.
4      Second, Objector Thompson argues that Settlement Class Counsel has kept
5  necessary information from Class Members by filing a redacted version of the Final
6  Approval Brief and confidential exhibits. (Thompson Obj. at 5). The majority of
7  these documents were produced to Plaintiffs under a claim of confidentiality by
8  Schiff. While Plaintiffs believed these documents were pertinent to the issues before
9  the Court, they were constrained to abide by the protective order entered by this Court.
10 Moreover, Mr. Thompson is an attorney and a party to this litigation. Thus, if he were
11 truly interested in the contents of these documents, he, like any other Class Member,
12 could have requested copies of them upon signing the protective order.   Objector
13 Thompson made no effort to do so.

14 **V.    Settlement Class Counsel's Fee Request is Reasonable**

15     Objector Hammack objects to the fee request because it exceeds 25% of the
16 Settlement Fund. (Hammack Obj. at 3). First, a fee award based on percentage-of-
17 the-fund looks to the value of the Settlement as a whole – monies made available to
18 the Class, notice/administration costs, attorneys' fees and the value of the injunctive
19 relief. *See* Final Approval Brief, at 37-40 (citing, *inter alia*, *In re Ferrero Litig.*, 12-
20 56469, 2014 WL 3465685, at *1 (9th Cir. July 16, 2014) (court took into account
21 injunctive relief valued at $14 million in determining whether the settlement was
22 reasonable); *Weeks v. Kellogg Co.*, No. 09-08102, 2013 WL 6531177, at *7 (C.D. Cal.
23 Nov. 23, 2013) ("post-settlement cost of providing notice to the class can reasonably
24 be considered a benefit to the class"); *Lopez v. Youngblood*, No. CV-F-07-0474, 2011
25 WL 10483569, at *12 (E.D. Cal. Sept. 1, 2011) (amount of the fund takes into account
26 attorneys' fees and class administration costs)). When calculated properly, Settlement
27
28

Class Counsel's fee request is significantly less than 25% of the settlement value.[8]

Second, Settlement Class Counsel's fee request is also reasonable when applying a lodestar cross-check. As set forth in Plaintiffs' Final Approval Brief (*see* 40-44 and Exs. 12-14), Settlement Class Counsel have a combined lodestar of $1,199,148.50 based on over 2,159 hours of work as of August 9, 2015. Thus, a fee award of $2,148,300 applies a 1.8 multiplier which is well within the range routinely approved. *See* Final Approval Brief, at 41; *see also Poertner v. The Gillette Co., et al.*, No. 14-13882 (11th Cir. July 16, 2015) ($5.68 million in fees (applying a 1.56 multiplier) approved in a similar – but not as strong – settlement involving false labeling of batteries where the parties agreed to $3 per claim for 2 or 4 products depending on proof of purchase, $348,850 was paid out to claimants, a *cy pres* award was made and the representations were discontinued during the litigation).[9]

Third, Objector Thompson's comparison of the fee request to the amount made available to Settlement Class Members (Thompson Obj. at 4-5), fails to recognize that the vast majority – if not all – Settlement Class Members who filed a claim will recover 100% or more of the amount they paid for the Product(s). A reduction in Settlement Class Counsel's fee is not required to make Settlement Class Members whole – Settlement Class Members who have made non-proof claims, like Mr. Thompson, are already receiving at least 100% of what they paid based on the average purchase price of the Products and all Settlement Class Members with proof claims will be getting more than 100%. Thus, it bears to reason that Settlement Class

---

[8] $2,148,300 requested fee ÷ ($3.29 million to Class + $920,485.25 notice/administrat▓▓▓▓▓▓ + $2,148,300 attorneys' fees + $134,197.86 cost reimbursement + ▓▓▓▓▓▓ injunctive relief) = 9%

[9] Settlement Class Counsel's reported lodestar goes through August 9, 2015. However, Settlement Class Counsel will continue to incur additional time in this case, including for example, responding to the Objectors, preparing for and attending the Fairness Hearing, and potentially litigating an appeal. The inclusion of these additional attorneys' fees only serves to reduce the multiplier, making the fee award even more reasonable.

Counsel should be reasonably compensated for this tremendous result that is directly due to their hard-fought, risk-laden efforts over four years.

Finally, Objector Thompson errs in claiming that Settlement Class Counsel are seeking reimbursement for costs of $1.5 million. This is the amount Schiff agreed to pay for notice and claims administration costs. *See* Final Approval Brief, at Section E entitled "Expense of Class Notice and Administration." Settlement Class Counsel are seeking reimbursement of $134,197.86 in costs for a total award of $2,282,497.86. *See* Final Approval Brief, at 44-45. And, there is no so-called "clear sailing" provision in the Settlement. (Thompson Obj. at 5).

## VI. The Named Plaintiffs' Service Awards Are Reasonable

The service awards requested for Named Plaintiffs cumulatively totaling $10,000 – not $10,000 *each* as Objector Hammack contends (Hammack Obj. at 4) – are fair and reasonable. The amount requested is well within the range California district courts have found to be presumptively reasonable and have been routinely awarded in comparable cases. *See* Final Approval Brief, at 46-47. Indeed, Objector Hammack's suggested $2,790 award for each Named Plaintiff (Hammack Obj. at 5), is just shy of the $10,000 requested.

## VII. Objector Smallwood May Pursue Any Personal Injury Claim By Opting Out of this Settlement

Objector Smallwood claims that consumption of her *one* purchase of MoveFree "altered her life (to this day) in a very negative way" and she seeks recovery for doctor's bills, as well as "mental frustration and anguish." (Smallwood Obj. at 1). The Settlement does not provide compensation for personal injuries because, with the exception of the conditions disclosed on the product labels, the record indicates the Products are safe for consumption. *See* Supp. Preliminary Approval Motion, at 8. If Objector Smallwood desires to pursue a personal injury claim, Settlement Class Counsel consent to allowing her additional time to opt out of this Class.

| | |
|---|---|
| DATED:  October 8, 2015 | BONNETT, FAIRBOURN FRIEDMAN & BALINT, P.C. |
| | |
| | *s/ Patricia N. Syverson* |
| | Elaine A. Ryan (*Admitted pro hac vice*) |
| | Patricia N. Syverson (Bar No. 203111) |
| | 2325 E. Camelback Road, Suite 300 |
| | Phoenix. Arizona 85016 |
| | eryan@bffb.com |
| | psyverson@bffb.com |
| | Tel: (602) 274-1100 |
| | Fax: (602) 798-5860 |
| | |
| | Manfred P. Muecke (222893) |
| | 600 W. Broadway, Suite 900 |
| | San Diego, California 92101 |
| | mmuecke@bffb.com |
| | Tel: (619) 756-7748 |
| | Fax: (602) 274-1199 |
| | |
| | BOODELL & DOMANSKIS, LLC |
| | Stewart M. Weltman (*Admitted pro hac vice*) |
| | Max A Stein (*Admitted pro hac vice*) |
| | 353 North Clark Street, Suite 1800 |
| | Chicago, IL 60654 |
| | sweltman@boodlaw.com |
| | mstein@boodlaw.com |
| | Telephone:  (312) 938-1670 |
| | |
| | DENLEA & CARTON LLP |
| | Jeffrey I. Carton (*Admitted pro hac vice*) |
| | 2 Westchester Park Drive, Suite 410 |
| | White Plains, N.Y. 10604 |
| | Telephone:  (914) 331-0100 |
| | |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic mail notice list. I hereby certify that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 8, 2015.

<u>/s/Patricia N. Syverson</u>
Patricia N. Syverson (203111)
BONNETT FAIRBOURN FRIEDMAN & BALINT
2325 E Camelback Road, Ste. 300
Phoenix, AZ 85016
(602) 274-1100