BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Elaine A. Ryan (*Admitted pro hac vice*)
Patricia N. Syverson (203111)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
Tel:   (602) 274-1100
Fax:   (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, CA 92130
mmuecke@bffb.com
Tel:   (619) 756-7748
Fax:   (602) 274-1199

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted pro hac vice*)
Max A. Stein (*Admitted pro hac vice*)
353 North Clark Street, Suite 1800
Chicago, IL 60654
sweltman@boodlaw.com
mstein@boodlaw.com
Tel: (312) 938-1670
[*Additional Counsel Appear On Signature Page*]
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS LERMA, and Individual, and NICK PEARSON, an Individual, On Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware Corporation, and SCHIFF NUTRITION GROUP, INC., a Utah Corporation<br><br>          Defendants | Case No.: 3:11-CV-01056-MDD<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR ASHLEY HAMMACK**<br><br>Date:     March 28, 2016<br>Time:    2:00 p.m.<br>Judge:   Hon. Mitchell D. Dembin<br>Courtroom:  1E |

1

## I. INTRODUCTION

By this Motion and pursuant to Federal Rule of Appellate Procedure 7, Plaintiffs Luis Lerma and Nick Pearson, on behalf of themselves and the certified Class, respectfully ask this Court to order objector Ashley Hammack, who noticed an appeal of the Settlement, to post an appeal bond in the amount of $31,626.

The bond will ensure funds are available to pay costs recoverable under Federal Rule of Appellate Procedure 39 and also the increased expense the Settlement Administrator is forced to incur while the appeal is pending. The bond is necessary so that the monetary impact a groundless appeal has triggered is not shouldered by the Settlement Class.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2014 this Court granted preliminary approval to the Parties' Settlement Agreement in the above-captioned matter. (D.E. 113, Order of Preliminary Approval of Class Settlement.)  Only three Class members objected to the Settlement. (D.E. 158, "Hammack Obj."; D.E. 161-1, "Smallwood Obj."; D.E. 162, "Thompson Obj.")  After an October 30, 2015 fairness hearing, at which no objectors appeared, this Court entered a Final Approval Order on November 3, 2015. (D.E. 171, "Final Approval Order".)  The Final Approval Order specifically addressed the objectors' contentions and approved the Class Settlement. (Final Approval Order.)  Objector Ashley Hammack immediately filed a notice of appeal on November 16, 2015 with assistance of counsel, Bradley D. Salter. (D.E. 174, Notice of Appeal.)  No other appeals have been filed and the time period for filing appeals has expired.

## III. ARGUMENT

### A. All Factors Favor Imposing an Appeal Bond

Federal Rule of Appellate Procedure 7 states that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The

"role" of district courts in this context is "taxing the full range of costs of appeal." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007). Rule 7's purpose is to protect an appellee "against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quoting *In re AOL Time Warner, Inc.*, Nos. 1500, 02 Cv. 5575 (SWK), 2007 WL 2741033, at *2 (S.D.N.Y. Sept. 20, 2007)). The need for a bond and its amount "are left to the discretion of the [district] court." *Id.* (citing Fed. R. App. P. 7, 1979 Adv. Comm. Notes.) Consistent with the purpose of Rule 7 and the Ninth Circuit's opinion in *Azizian*, this inquiry turns on three factors: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appellant loses; [and] (3) the merits of the appeal." *Fleury*, 2008 WL 4680033, at *6; *see also Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). Each factor favors imposing an appeal bond upon Ms. Hammack in this case.[1]

### 1. There is No Evidence Objector Hammack Is Financially Unable to Post an Appeal Bond

When there is no evidence that the appellant is financially unable to post bond, this factor "weighs in favor of a bond." *Fleury*, 2008 WL 4680033, at *7; *Schulken*, 2013 WL 1345716, at *4; *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Nothing Ms. Hammack has filed suggests she would be unable to post the requested bond.

---

[1] Issuance of an appeal bond in this case is properly upon Ms. Hammack (as an individual) and not her counsel. *See, e.g., Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (citing Fed. R.App. P. 7 (stating that in a civil case, "the district court may require an *appellant* to file a bond ... in any form and amount necessary to ensure payment of costs on appeal") (emphasis added)).

### 2. There is a Significant Risk of Non-Payment Should the Appeal Fail

Requiring Ms. Hammack to post an appeal bond is necessary to guard against the substantial risk of non-payment should her appeal fail. Ms. Hammack does not reside in California, nor within a state in the Ninth Circuit. (Hammack Obj. at 5). Courts have found it "particularly troubling when an appellant lives outside the jurisdiction of the Ninth Circuit." *Schulken*, 2013 WL 1345716, at *5. Ms. Hammack is a resident of Wichita Falls, Texas within the Fifth Circuit. (Hammack Obj. at 5). Ms. Hammack's foreign domicile will make it much more difficult for Plaintiffs to collect their costs from her upon prevailing on appeal. *See Fleury*, 2008 WL 4680033, at *7; *Embry*, 2012 WL 2055030, at *1. Further, though counsel for Plaintiffs and the Class raised the issue of a bond with her counsel, Ms. Hammack has not offered to guarantee payment of costs that would be assessed against her following an unsuccessful appeal to mitigate this risk. The absence of a guarantee also weighs in favor of an appeal bond. *See Fleury*, 2008 WL 4680033, at *7.

### 3. The Identified Arguments on Appeal Lack Merit

The final "merits of appeal" factor does not implicate the "frivolity or bad faith of the appeal" – an inquiry for the Ninth Circuit – but "an assessment of the likelihood" that the objector "will lose [the appeal] and be subject to costs" owed to the Class. *Fleury*, 2008 WL 4680033 at *6-7. Any such assessment of Ms. Hammack's claims on appeal shows there is a high likelihood that she will lose on appeal and be subject to costs, thus weighing in favor of requiring her to post an appeal bond.

To prevail on appeal, Ms. Hammack will have to overcome highly deferential standards. As the Ninth Circuit recently reiterated, "[w]hen approving a settlement, a district court should avoid reaching the merits of the underlying dispute;" rather the district court's "duty was only to determine whether the proposed settlement was fair, reasonable, and adequate." *Batman et al v. Facebook, Inc.*, 13-16819, at 8, 9 (9th Cir. January 6, 2016), *slip op*. Review of a district court's decision to approve a

class action settlement is "extremely limited." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Specifically, this Court's decision to approve the Settlement "is committed to [its] sound discretion" and will be affirmed "if the district court judge appli[ed] the proper legal standard and his findings of fact are not clearly erroneous." *Id.* (internal citations omitted).

On appeal, Ms. Hammack will be limited to the issues that she raised in her objection. *See, e.g., Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000). Ms. Hammack's objections to the Settlement, as stated to this Court, included that: (1) the relief provided by the Settlement was inadequate; (2) the claims process was inadequate; and (3) the attorneys' fees and incentive awards provided by the Settlement were excessive. (*See generally* Hammack Obj.) According to Ms. Hammack's Mediation Questionnaire filed with the Ninth Circuit, her appeal focuses on:

> The injunctive relief allows Defendant to make deceptive statements within 2 years so it should be extended to no less than 5 years. One third for fess [*sic*] is not warranted based on the results and the fees should be capped at the 25% benchmark. $10,000 for each class representative is excessive because their participation was limited and should be reduced to $2,790 (15 times the maximum award of $62 that all other class members might receive). The claims process is too complicated so to make up for the complexity all claims should be accepted and the claims period should be extended by 90 days.

(*See* 9th Cir. D.E. 2, "Mediation Questionnaire").[2] Ms. Hammack has no reasonable expectation of prevailing under this deferential standard, as each of her non-newly raised concerns (the only concerns that can be properly raised on appeal) has been thoroughly addressed and properly dismissed by this Court.

First, it is highly unlikely that Ms. Hammack would prevail on her appeal of the attorneys' fees and incentive payments awarded because her appeal on this issue

---

[2] If Ms. Hammack raises other issues in her objection but not identified in her Mediation Questionnaire on appeal, none of those issues warrant denying approval of the Settlement. *See generally* Final Approval Order.

1  is seemingly based on a misunderstanding of the Court's Final Approval Order. In
2  that Order, the Court agreed with the positions Ms. Hammack stated in her
3  Mediation Questionnaire. Specifically, the Court approved a fee of $1,627,500,
4  which is equal to the "25% benchmark." (Final Approval Order at 22, 29; Mediation
5  Questionnaire at 2). Importantly, in doing so however, this Court specifically found
6  "contrary to the Objectors' assertion, that injunctive relief carries some value to the
7  Class Members," and thus, did not base its decision to reduce the attorneys' fees
8  award on Objector Hammack's "little, if any, value" argument. (Final Approval
9  Order at 22-23). Further, this Court acknowledged that the "actual value of the
10 injunctive relief is subsumed" in the 1.46 multiplier the Court found to be
11 reasonable. (Final Approval Order at 26).

12 Similarly, with regard to the incentive awards, Ms. Hammack argues that
13 "$10,000 for each class representative is excessive." (Mediation Questionnaire at 2).
14 Consistent with the terms of the Settlement Agreement, this Court approved "an
15 Incentive Award of $10,000.00 *to be shared by the three Class Representatives,*" or
16 "$3,333 each." (Final Approval Order at 18-19, 29) (emphasis added). Ms.
17 Hammack argues this amount should have been $2,790.00 – a difference of $543 per
18 class representative. This small difference surely cannot be deemed material or
19 having merit.[3]

---

[3] That Ms. Hammack did not realize that the Court's Final Approval Order included these conclusions on the issues she now seeks to raise on appeal not only shows that Ms. Hammack's appeal is unlikely to succeed, it also shows that any request for attorneys' fees or an incentive award Ms. Hammack might make should also be denied. The Ninth Circuit recently denied such a request on behalf of a class action objector and his counsel, finding that the "record does not support [the objector's] contention that he contributed to the district court's decision to award class counsel attorneys' fees in an amount lower than requested. The district court was concerned with the excessiveness of the requested attorney's fees long before Kazman became involved." *Facebook,* 13-16819, at 10. Here, like in *Facebook,* the Court's record is clear that Ms. Hammack's objections were either mistaken, without merit or not a contributing factor to the Court's decision on any of the issues raised by Ms. Hammack. Likewise, a request for an incentive award will be without merit as there is nothing in the record supporting that Ms. Hammack "personally provided any 'service to the class.'" *Id.* at 11 (citing *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013)).

Next, since she did not previously raise it, it is also extremely unlikely that Ms. Hammack will prevail on her appeal regarding the Settlement claims process being "too complicated" and her argument that "all claims should be accepted and the claims period should be extended by 90 days." (Mediation Questionnaire at 2). This is the first time that Ms. Hammack asserts the claims process is "too complicated" and too short, and as such, neither can be considered on appeal. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000) (recognizing the "general rule that issues must be raised in lower courts in order to be preserved as potential grounds of decision in higher courts" so that "the lower court be fairly put on notice as to the substance of the issue."). Moreover, even if it had not been waived, the parties stated on the record during the final approval hearing that the claims administrator was accepting claims filed after the claim deadline. (D.E. 169, Minute Entry for Final Approval Hearing held on 10/30/2015). In fact, the claims administrator continued to accept claims postmarked through November 5, 2015 extending the claims period by an additional 42 days for a total of 129 days. *See* Exhibit A, Supplemental Declaration of Eric Robin Re: Projected Amount of Administrative Costs, at ¶ 4. Thus, this Court acted properly within its discretion in approving the Settlement's claim process and Ms. Hammack's appeal on this issue is meritless.[4]

Finally, this Court specifically "considered and reject[ed] Objector Hammack's concern that the injunction is inadequate because its scope is limited to 24 months" instead of 5 years. (Final Approval Order at 15). The Court acknowledged that while a 5-year period may be more desirable, the Court's role "is to determine whether relief is adequate and fair, not whether it is perfect or even optimal." (*Id*. (citing *Hanlon*, 150 F.3d at 1027)). This Court further "reject[ed]

---

[4] In her appeal, Ms. Hammack has apparently abandoned her objection that "[c]laim forms should not be rejected outright … without providing claimants with an opportunity to cure or explain such deficiencies." (Hammack Obj. at 3). But even if Ms. Hammack raises this objection on appeal, this Court properly found that "the parties adequately address [Hammack's claim process] concern" by providing notice to deficient claimants with time to cure. (Final Approval Order at 16).

7
PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR ASHLEY HAMMACK

Objector Hammack's objection that the [injunctive] relief is illusory because Defendants can resume deceptive practices at any time before expiration of the 24 month period merely by petitioning the court," specifically pointing out that the Settlement "provides a safeguard" by requiring Defendants to "present independent, well-conducted, published clinical trial/s supporting Defendants' representations" before the injunction could ever be lifted. (Final Approval Order at 15-16). The Court applied the proper legal standard and acted well within its discretion when it made this determination and any appeal on the injunctive relief issue is clearly without merit.

Thus, all relevant factors dictate issuance of an appeal bond.

### B.     The Appeal Bond Should Be Set at $31,626

On behalf of themselves and the Settlement Class, and for the reasons set forth herein, Plaintiffs seek an appeal bond in the amount of $31,626. This amount is wholly reasonable and will further Rule 7's purpose of protecting Plaintiffs and the Settlement Class against the risk of non-payment when Ms. Hammack's appeal is unsuccessful.

Pursuant to Federal Rule of Appellate Procedure 7, this Court may set the appeal bond at the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In litigating Ms. Hammack's appeal, Plaintiffs anticipate the need for filing various motions with the appellate court, including but not limited to: moving to dismiss the appeal (*see* 9th Cir. R. 27-11), moving for summary affirmance (*see* 9th Cir. R. 3-6), and moving for monetary sanctions against Ms. Hammack once her appeal is found to be frivolous (*see* Fed. R. App. P. 38, 28 U.S.C. §1912). These anticipated motions will likely involve a substantial amount of time and expense, including filing fees, printing and copying costs, and compilation of the voluminous record. In total, Plaintiffs anticipate expending $2,500 in taxable costs. This amount is entirely reasonable and below amounts routinely approved in class actions with regard to Rule 39(e). *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d

210, 216 (S.D.N.Y. June 17, 2010) opinion clarified, No. 21 MC 92 SAS, 2010 WL 5186791 (S.D.N.Y. July 20, 2010) (awarding $25,000 in taxable costs for copying and reproduction of the record); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (granting $10,000 in Rule 39 appellate costs alone).[5]

In addition, the Ninth Circuit has held that additional costs, such as the administrative costs of communicating with class members during the pendency of the appeal, may also be included in an appeal bond. *See Miletak*, 2012 WL 3686785, at *2 (including "administrative costs" in the amount of appeal bond, and defining such costs to include those incurred in order "to continue to service and respond to class members' needs pending the appeal") (internal quotations omitted); *In re Broadcom Corp. Sec. Litig.*, SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 45656, at *8-12 (C.D. Cal. Dec. 5, 2005) (imposing bond which included administrative costs); *Fleury*, 2008 WL 4680033, at *8 (citing *Azizian*, 499 F.3d at 958).

Plaintiffs expect to incur significant administrative costs pending the resolution of the appeal, including but not limited to: the costs of continuing to answer class member inquiries regarding the status of the settlement by phone and

---

[5] *See also Foos v. Ann, Inc.*, No. 3:11-cv-02794 (S.D. Cal. Dec. 1, 2011) (court ordered objector to post a $1,000 bond); *Gallucci v. Boiron, Inc.*, No. 3:11-cv-02039 (S.D. Cal. Sept. 2, 2011) (court ordered objectors in the three appeals to collectively post a $5,000 appeal bond); *In re Easysaver Rewards Litig.*, No. 3:09-cv-02094 (S.D. Cal. Sept. 24, 2009) (court imposed a $15,000 cost bond); *Dennis v. Kellogg Co.*, No. 3:09-cv-01786 (S.D. Cal. Aug. 17, 2009) (court ordered a $3,000 bond imposed on objectors in both appeals jointly and severally); *Schulken v. Washington Mutual Bank*, No. 5:09-cv-02708 (N.D. Cal. June 18, 2009) (court imposed a $5,000 bond); *Frederick v. FIA Card Servs., N.A.*, No. 2:09-cv-03419 (C.D. Cal. May 14, 2009) (court imposed a $1,000 bond); *In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*, No. 5:09-md-02015 (N.D. Cal. Mar. 13, 2009) ($15,000 bond required in Appeal No. 11-16507); *In re MagSafe Apple Power Adapter Litig.*, No. 5:09-cv-01911 (N.D. Cal. May 1, 2009) (court ordered a $15,000 bond for each of the five appeals); *Embry v. ACER Am. Corp.*, No. 5:09-cv-01808 (N.D. Cal. Apr. 24, 2009) (court imposed a $70,650 cost bond); *Yingling v. eBay, Inc.*, No. 5:09-cv-01733 (N.D. Cal. Apr. 21, 2009) (court ordered a $5,000 cost bond).

mail, ensuring that the address and contact information of class members is current and updated, maintaining and updating the settlement website (including payment of web hosting fees), and additional fees paid to the claims administrator for its services. In fact, both Class Counsel and KCC have already received inquiries regarding the status of the case. (Exhibit A, Supplemental Declaration of Eric Robin Re: Projected Amount of Administrative Costs, at ¶ 3; Exhibit B, Declaration of Patricia N. Syverson, at ¶ 2.) Counsel estimate that the cost of continuing such service and respond to the class pending appeal will be $29,126. (Exhibit A, Supplemental Declaration of Eric Robin Re: Projected Amount of Administrative Costs, at ¶ 2.) This amount is entirely modest and reasonable when compared to amounts awarded in other class action cases. *See Miletak*, 2012 WL 3686785, at *2 (including $50,000 in "administrative costs" in the amount of appeal bond); *In re Broadcom Corp. Sec. Litig.*, 2005 U.S. Dist. LEXIS 45656, at *8-12 (imposing $517,000 bond which included the administrative costs of "updating address and other information needed to remain in contact with Class members, locating lost Class members, sending notices to Class members to apprise them of Objector's appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform Class members, and providing phone support to answer inquiries from the Class members."). Accordingly, such administrative costs should be included in the amount of the appeal bond.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask this Court to order the only appealing objector, Ms. Hammack, to post an appeal bond in the total amount of $31,626, which consists of $2,500 in potential taxable costs pursuant to Rule 39(e) and $29,126 in additional costs of administration. A proposed order accompanies this Motion.

PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR ASHLEY HAMMACK

Dated: January 26, 2016

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

s/ *Patricia N. Syverson*
Elaine A. Ryan (*Admitted Pro Hac Vice*)
Patricia N. Syverson (203111)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
Tel:  (602) 274-1100
Fax:  (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, CA 92101
mmuecke@bffb.com
Tel:  (619) 756-7748
Fax:  (602) 274-1199

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted pro hac vice*)
Max A. Stein (*Admitted pro hac vice*)
353 North Clark Street, Suite 1800
Chicago, IL 60654
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone:  (312) 938-1670

DENLEA & CARTON LLP
Jeffrey I. Carton (*Admitted pro hac vice*)
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
jcarton@denleacarton.com
Telephone:  (914) 331-0100

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic mail notice list.  I hereby certify that I have emailed and mailed the foregoing document via the United States Postal Service to:

>Law Office of Bradley D. Salter
>24 Malialani Place
>Lahaina, HI  96761
>brad@salterlaw.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 26, 2016.

>/s/*Patricia N. Syverson*
>Patricia N. Syverson (203111)