Bradley D. Salter
Cal. Bar. No. 78-007
Law Office of Bradley D. Salter
24 Malialani Place
Lahaina, HI 96761
(808) 298-7873
brad@salterlaw.com

Attorney for Objector, Ashley Hammack

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, and Individual, and NICK PEARSON, an Individual, On Behalf of Themselves and All Others Similarly Situated,<br>　　　Plaintiffs,<br>v.<br>SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware Corporation, and SCHIFF NUTRITION GROUP, INC., a Utah Corporation<br>　　　Defendants. | Case No. 3:11-CV-01056-MDD<br><br>*The Honorable* Mitchell D. Dembin<br><br>**OBJECTOR ASHLEY HAMMACK'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Objector, ASHLEY HAMMACK ("Objector" or "Hammack"), and her attorney, hereby request the Court to award attorney's fees and costs to Objector's counsel for increasing the fund and otherwise substantially benefitting the class members.

**Summary of Procedural History and Objector Hammack's Substantial Benefit to Class**

Ashley Hammack is a class member who bought a covered product during the class period. On August 10, 2015, Class Counsel submitted its Motion for Final Approval of Settlement, Attorney's Fees and Expenses and Service Awards. By the time Hammack reviewed the class notice, the terms of the settlement had been preliminarily approved by the Court. The proposed settlement terms consists of a $ 6,510,000 pot of money for class members to share and $2,148,300 in attorney fees.

On September 24, 2015, Objector filed an Objection to the fairness and reasonableness of the proposed settlement terms. *See* Doc. No. 158 and attached as "**Exhibit 1**". Among other arguments and for various reasons, Objector contended that class counsel's fees were excessive in relation to the injunction award. *Id.* A fairness hearing on the proposed settlement was held on October 30, 2015.

On November 3, 2015, following the fairness hearing, the Court entered an extensive Order granting final approval of the proposed settlement. Some of the arguments raised by Hammack in her objection were also referenced and adopted

by the Court as part of its Order. In particular, the Court only awarded $1,627,500 fee award calculated using the 25% of the common fund method as suggested by Objector.

As a result, the amount of money available to the class is almost $500,000 greater than what Class Counsel asked for. Hammack's objection increased the fund available to class members and conferred a substantial benefit on the class.

**I. Objector Hammack's Attorney is Entitled to Attorney's Fees**

Although an objector to a class action settlement is not automatically entitled to a fee award, "objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003) (objectors awarded attorney fee of $1,260,000.00, which was 1.4% of the total attorney fee, because objections were responsible for 1.4% of the value of the fund). For example, in *Rodriguez v. West Publg. Corp.*, 563 F.3d 948, 963 (9th Cir. 2009), the Ninth Circuit held that objectors who had influenced the district court's examination of certain elements, resulting in an increase to the settlement-distribution fund, were entitled to an award of reasonable attorney's fees. Furthermore, if objectors "are successful in challenging an award of attorneys' fees to lead class counsel, their objections have conferred a benefit on the class." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d at 565.

Pursuant to the Ninth Circuit's holding in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002), an objector should be paid attorney's fees if, through their efforts, they "increase the fund or otherwise substantially benefit the class members." *See also Great Neck Capital Appreciation Inv. Partn., L.P. v. PricewaterhouseCoopers, L.L.P.,* 212 F.R.D. 400, 417 (E.D. Wis. 2002) (objectors awarded $152,250.00 for securing exclusion of ERISA claims release). While the "substantial benefit" standard in *Vizcaino* is usually applied in the context of non-monetary improvements to a settlement, the Ninth Circuit has affirmed an award of attorney fees to an objector who merely "provided some - though not a major or extensive - benefit to the common fund." *In re Riverstone Networks, Inc.*, 256 Fed. Appx. 168, 170 (9th Cir. 2007)(unpublished).

    In the case at bar, it is clear that Objector increased the fund for the benefit of the class members. The Court relied upon Objector's arguments in connection with its award of attorney fees. Objectors have been awarded attorney's fees for far less of a contribution to the outcome of a class action. For instance, in *Shaw v. Toshiba Am. Info. Sys., Inc.,* 91 F. Supp. 2d 942, 983 (E.D. Tex. 2000), attorney fees were awarded to an objector who secured six additional months for the redemption of coupons, which was found to be a substantial benefit to the class. Here, the efforts of Objector allowed for roughly $500,000 to be placed back in the hands of class members.

## II. Objector Hammack's Attorneys are Entitled to a Reasonable Percentage of the Fees Earned by Class Counsel

Along with making a determination that Hammack's attorneys are entitled to attorney's fees and costs, the Court must evaluate the reasonableness of the amount of the fee to be awarded to Hammack's attorneys. It is common for Courts to award objectors an attorney's fee, as a percentage of the class counsel's fee, that is based on the percentage increase in the total value of the fund that is attributable to the objection. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d at 565 (objectors awarded attorney fee of $1,260,000.00, which was 1.4% of the total attorney fee, because objections were responsible for 1.4% of the value of the fund). The percentage-of-recovery method "is designed to allow courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *Id.* at 566.

## A. Amount of Attorney's Fees Sought by Class Counsel – 25% of the Total Recovery

The efforts of Hammack's attorney substantially contributed to the recovery of the class members by pointing out the deficiencies of the proposed settlement. Fairness dictates that Hammack's attorney should be awarded a reasonable percentage of the attorney's fees and costs to be recovered by class counsel. Based upon the outcome of this matter, Hammack requests 25% of the $500,000 that is now going to the class instead of going to Class Counsel.

The requested fee percentage is supported by the skill and efficiency of the attorney involved in prosecution Hammack's objection, along with the risk of nonpayment taken by Hammack's attorneys and the amount of time that was devoted to reviewing, analyzing, researching and presenting the grounds for the objection to the proposed settlement.

In summary, the Court should award Hammack's attorney a fee of 25% of the $500,000 ($125,000) that will be added to the class fund.

Dated: February 8, 2016      Respectfully submitted,

*/s/ Bradley Salter*
Bradley D. Salter
Cal. Bar. No. 78-007
Law Office of Bradley D. Salter
24 Malialani Place
Lahaina, HI 96761
(808) 298-7873
brad@salterlaw.com

Attorney for Objector, Ashley Hammack

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the 8th day of February, 2016 and served by the same means on all counsel of record.

*/s/ Bradley Salter*
Bradley Salter