BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Elaine A. Ryan (*Admitted pro hac vice*)
Patricia N. Syverson (203111)
2325 E. CAMELBACK ROAD, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
Tel: (602) 274-1100
Fax: (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, CA 92130
mmuecke@bffb.com
Tel: (619) 756-7748
Fax: (602) 274-1199

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted pro hac vice*)
Max A. Stein (*Admitted pro hac vice*)
353 North Clark Street, Suite 1800
Chicago, IL 60654
sweltman@boodlaw.com
mstein@boodlaw.com
Tel: (312) 938-1670

[*Additional Counsel Appear On Signature Page*]
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, and Individual, and NICK PEARSON, an Individual, On Behalf of Themselves and All Others Similarly Situated,<br>　　　　Plaintiffs,<br>　　v.<br>SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware Corporation, and SCHIFF NUTRITION GROUP, INC., a Utah Corporation<br>　　　　Defendants | Case No.: 3:11-CV-01056-MDD<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR ASHLEY HAMMACK** |

## I. ARGUMENT

### A. The Requested Bond is Justified.

While Plaintiffs could proffer a point by point response as to why Ms. Hammack's arguments against imposition of an appeal bond lack merit as a matter of law and fact, it is now unnecessary. In light of Ms. Hammack's recent meritless request for a $125,000 fee award for purportedly obtaining further monies for the Class because this Court awarded Plaintiffs' counsel a 25% fee instead of the requested 33%, it is now clear that Ms. Hammack has waived her baseless objections. She and her counsel cannot, on one hand, object to the settlement and, on the other, seek fees arising out of that settlement. Moreover, it now could not be clearer that all Ms. Hammack and her counsel are doing is abusing the process by delaying implementation of the settlement in order to extort a payment for her counsel in return for dropping Ms. Hammack's baseless objections.[1] For these reasons alone, the Court should impose the requested appeal bond.

### B. Administrative Expenses May Properly Be Included in the Appeal Bond.

Ms. Hammack argues it is improper to include delay damages in an appeal bond citing *Fleury*, 2008 WL 4680033, at *8. Plaintiffs are not requesting any "delay damages." (*See* Motion for Appeal Bond, pg. 10 (requesting only taxable costs and additional costs of administration).) Ms. Hammack also argues that she "cannot be required to post a bond for administrative expenses" (D.E. 180, pg. 5), criticizing Plaintiffs for relying on "non-precedential district court opinions" to support their request (D.E. 180, pg. 7). Having lobbed that criticism, Ms. Hammack then relies on "non-precedential district court opinions" – including two from outside the Ninth Circuit – to argue that administrative expenses should not be included in the appeal bond. (D.E. 180, pp. 7-8.[2]) The fact is that while some district courts within the Ninth Circuit do not include administrative fees,

---

[1] As noted in the Motion, most of Ms. Hammack's objections are based on, at best, misunderstandings or, at worst, misstatements of the terms of the settlement to which she objects. (D.E. 178, pp. 4-7.)

[2] Ms. Hammack's contradictory argument is another example of how her objections are harming Plaintiffs and Class Members by forcing them to incur unnecessary costs in responding to such frivolity.

others do. *See, e.g.*, *Miletak v. Allstate Ins. Co.*, NO. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (including "administrative costs" in the amount of the appeal bond, and defining such costs to include those incurred in order "to continue to service and respond to class members' needs pending the appeal") (internal quotations omitted); *In re Broadcom Corp. Sec. Litig.*, SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 45656, at *8-12 (C.D. Cal. Dec. 5, 2005) (imposing bond which included administrative costs). As set forth in Plaintiffs' Motion for Appeal Bond, Plaintiffs expect to incur significant administrative costs pending the resolution of the appeal. (Motion for Appeal Bond, pp. 9-10.) As these cases show, this Court clearly has discretion to set the appeal bond at the "amount necessary to ensure payment of costs on appeal" Fed. R. App. P. 7, meaning it is proper for Plaintiffs to request that administrative costs be included in the appeal bond and for the Court to exercise its discretion and include those costs.

### C. The Requested $2,500 in Taxable Costs is Proper.

Ms. Hammack next argues that the bond should be denied because Plaintiffs did not provide a declaration to support their request for $2,500 in taxable costs. (*See* D.E. 180, pg. 6.) This argument, however, ignores that Plaintiffs identified the anticipated motions they will need to file in litigating Ms. Hammack's appeal and stated that "these anticipated motions will likely involve a substantial amount of time and expense, including filing fees, printing and copying costs, and compilation of the voluminous record." (Motion for Appeal Bond, pg. 8.) No further detail is required. *See Keller v. Nat'l Collegiate Athletic Ass'n*, 2015 WL 6178829, at *2 (N.D. Cal. Oct. 21, 2015) (rejecting objectors' argument that Plaintiffs did not provide sufficient detail to support their request for taxable costs, finding Plaintiffs' motion stating that the request is an estimate for how much they will spend on "printing, photocopying, and preparing and serving the appeal record" sufficient to support their estimate). The requested $2,500 is entirely reasonable in light of the amounts routinely approved in class actions with regard to Rule 39(e). *See, e.g.*, *Miletak*, 2012 WL 3686785, at *2 (granting $10,000 in Rule 39 appellate costs alone); *In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d 210, 216 (S.D.N.Y. June 17, 2010) opinion clarified,

No. 21 MC 92 SAS, 2010 WL 5186791 (S.D.N.Y. July 20, 2010) (awarding $25,000 in taxable costs for copying and reproduction of the record).

### D. The Appeal Bond Request Is Proper and Necessary.

Without any support whatsoever, Ms. Hammack accuses Plaintiffs of requesting an appeal bond for the "improper purpose" of "intimidating Objector from exercising her appellate right" and charges Class Counsel with requesting a bond in order to expedite their paychecks. (D.E. 180, pg. 11.) Not content to lodge wholly unsupported accusations impugning the integrity of Plaintiffs and their counsel, Ms. Hammack suggests that by imposing an appeal bond, this Court would be acting impermissibly to encumber Ms. Hammack's right to an appeal. (D.E. 180, pp. 11-12.) This argument should now fall on deaf ears as Ms. Hammack and her counsel's true motives have become transparent. They are not concerned about the Class' recovery. Quite the opposite – they are concerned about lining their own pockets at the expense, rather than the benefit, of the Class. Moreover, they do this after having done nothing to merit any such fee award.

## II. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request their Motion for Posting of an Appeal Bond by Objector Hammack be granted in the amount of $31,626.

Dated: February 17, 2016

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.

s/ *Patricia N. Syverson*
Elaine A. Ryan (*Admitted Pro Hac Vice*)
Patricia N. Syverson (203111)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
Tel: (602) 274-1100
Fax: (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, CA 92101
mmuecke@bffb.com
Tel: (619) 756-7748
Fax: (602) 274-1199

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted pro hac vice*)
Max A. Stein (*Admitted pro hac vice*)
353 North Clark Street, Suite 1800
Chicago, IL 60654
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone: (312) 938-1670

DENLEA & CARTON LLP
Jeffrey I. Carton (*Admitted pro hac vice*)
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
jcarton@denleacarton.com
Telephone: (914) 331-0100

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 17, 2016.

*/s/ Patricia N. Syverson*
Patricia N. Syverson (203111)
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
2325 E. Camelback Road, #300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199