UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCHIFF NUTRITION INTERNATIONAL, INC., et al., <br><br> Defendants. | Case No.: 11cv1056-MDD <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR ASHLEY HAMMACK** <br><br> **[ECF NO. 178]** |

Before the Court is Plaintiffs' motion, filed on January 26, 2016, to require objector Ashley Hammack ("Objector") to post an appeal bond. (ECF No. 178). Through counsel, Objector opposed on February 8, 2016. (ECF No. 180). Plaintiffs replied on February 17, 2016. (ECF No. 182). As provided below, Plaintiffs' motion is **GRANTED IN PART.**

PROCEDURAL BACKGROUND

Plaintiffs Luis Lerma, Nick Pearson, and Muriel Jayson on behalf of themselves and all others similarly situated, brought a class action Complaint against Defendants Schiff Nutrition International, Inc., and Schiff

1  Nutrition Group, Inc. (ECF No. 33).  Plaintiffs alleged that in its marketing
2  of various products containing glucosamine offered to the public to treat joint
3  ailments, Defendants violated the Consumers Legal Remedies Act, Civil Code
4  § 1750, et seq.; Unfair Competition Law, Business and Professions Code §
5  17200 et seq.; Illinois Consumer Fraud Act, 502/1, et seq.; personal
6  injuries/medical monitoring; personal injuries/negligence; and breach of
7  express warranty. (*Id.* at 33).

8  Sometime before March 25, 2014, the parties reached a settlement
9  culminating in the filing of a motion for preliminary approval of the class
10 settlement on that date.  (ECF No. 81).  On August 6, 2014, following a
11 hearing, the Court declined to preliminarily approve the settlement.  (ECF
12 No. 100).  Plaintiffs filed a supplemental motion for preliminary approval on
13 September 15, 2014.  (ECF No. 107).  On November 21, 2014, the Court
14 issued an order that preliminarily approved the settlement agreement. (ECF
15 No. 113).  On August 10, 2015, Plaintiffs filed a Motion for Final Approval of
16 Class Action Settlement, Attorneys' Fees and Expenses, and Service Awards.
17 (ECF No. 153).   On October 30, 2015, the Court held a fairness hearing.
18 (ECF No. 169).  On November 3, 2015, the Court entered its Order granting
19 final approval.  (ECF No. 171).

20 <u>Hammack Objections</u>

21 Objector Ashley Hammack filed her objections to the proposed
22 settlement on September 24, 2015.  (ECF Nos. 157, 158).  Objector, through
23 counsel, objected to the terms of the injunctive relief to be awarded in
24 settlement, to the monetary relief, to the claims process, to the award of
25 attorneys' fees and to the incentive awards to the representative plaintiffs.
26 Ms. Hammack objected to the terms of the proposed injunction arguing

1  that the term of the injunction should be extended from two years to five
2  years and that the injunctive relief was illusory because defendants could
3  seek relief from the court. (*Id.*). The Court rejected Ms. Hammack's
4  objections to the injunctive relief stating:

> The Court has considered and rejects Objector Hammack's concern that the injunction is inadequate because its scope is limited to 24 months. The Court acknowledges that a 5 year injunction, as urged by Objector Hammack, would be more beneficial to the Class, but, as the parties correctly argue, the Court's role is to determine whether the relief is adequate and fair, not whether it is perfect or even optimal. *Hanlon*, 150 F.3d at 1027.
>
> The Court further rejects Objector Hammack's objection that the relief is illusory because Defendants can resume deceptive practices at any time before expiration of the 24 month period merely by petitioning the court. As the parties argue, the Settlement Agreement provides a safeguard against this by only permitting lifting of the injunction if Defendants present independent, well-conducted, published clinical trial/s supporting Defendants' representations.

15  (ECF No. 171 at 15-16).
16  Ms. Hammack objected to the monetary relief to be provided to the class
17  because it did not require defendants to disgorge profits and because
18  defendants have not disclosed the extent to which their payments to the
19  settlement fund were covered by insurance. (ECF No. 158 at 2). The Court
20  rejected these objections on the grounds that non-restitutionary disgorgement
21  was not available and, to the extent that punitive damages were available, a
22  particularized, individual showing was necessary which likely would defeat
23  class certification on those claims. (ECF No. 171 at 12-13). The Court
24  rejected Ms. Hammack's objection regarding insurance coverage as it was
25  based on purely speculative concerns. (*Id.* at 13).
26  Ms. Hammack objected to the claims process on the grounds that a

1  claim could be rejected based on a deficiency without explanation.  The Court
2  rejected Ms. Hammack's objections because the parties agreed that rejected
3  claims would contain an explanation for the rejection and provide for 30 days
4  for the claimant to correct the deficiency.  (*Id.* at 16).

5  Objector challenged the requested attorneys' fees asserting that 33% of
6  the settlement fund was too much and that the fees should be capped at 25%.
7  Two other objectors also challenged the request for 33% of the settlement
8  fund as attorneys' fees.  (*See SUPPLEMENTAL BRIEF OF AMICI CURIAE*
9  *TRUTH IN ADVERTISING, INC. AND AARP IN OPPOSITION TO*
10 *PROPOSED SETTLEMENT*, ECF No. 144 at 3-5; OBJECTION OF
11 CHARLES M. THOMPSON, ECF No. 162 at 4-5).  After a detailed analysis,
12 the Court agreed with the objectors and ordered that the attorneys' fees were
13 limited to 25% of the settlement fund.  (ECF No. 171 at 20-26).

14 Finally, the Court dispensed with Ms. Hammack's objection to the class
15 representatives' incentive awards.  Objector's misreading of the settlement
16 agreement caused her to believe that each class representative would be
17 receiving an incentive award of $10,000.  In fact, the three representatives
18 were to split a total of $10,000 which the Court found to be fair.  (*Id.* at 18-
19 19).

20 On November 19, 2015, Objector filed a notice of appeal of this Court's
21 Order approving the settlement.  (ECF No. 174).  Despite challenging the
22 fairness and adequacy of the settlement approved by the Court, Objector also
23 has filed a motion seeking attorneys' fees because the Court awarded
24 attorneys' fees to Plaintiffs' counsel at 25% of the settlement fund rather than
25 the requested 33%.  (ECF No. 179).  Objector seeks attorneys' fees in the
26 amount of 25% of the $500,000 added to the settlement fund as a

1  consequence of the reduced fee award to Plaintiff's counsel.  The Court will
2  issue a separate order ruling on the motion for attorneys' fees.
3       Plaintiffs, in the instant motion, request that Objector post a bond in
4  the amount of $31,626, consisting of $2500 in potential taxable costs and
5  $29,126 in additional costs of settlement administration occasioned by this
6  appeal.  (ECF No. 178 at 10).  Objector disputes the reasonableness of the
7  requested taxable costs and challenges the authority of the Court to require a
8  bond for administrative costs.  (ECF No. 180).

## ANALYSIS

10  Rule 7 of the Federal Rules of Appellate Procedure governs bonds for
11  costs on appeal in federal civil cases.  It provides, in part:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

### I. Whether to Require a Bond

Rule 7 does not provide guidance regarding the factors to be considered in determining whether to require a bond.  Nor has the Ninth Circuit provided specific guidance.  In *Fleury v. Richemont North America, Inc.*, No. C-05-4525 EMC, 2008 WL 4680033 *7 (N.D.Cal. Oct. 21, 2008), the district court settled on three factors to determine whether a bond is necessary:  (1) Appellant's financial ability to post a bond; (2) the risk that Appellant will not pay Appellee's costs if the appeal is unsuccessful; and (3) the merits of the appeal.  Other district courts have followed that lead.  *See, e.g., Keller v. National Collegiate Athletic Association,* Nos. C-09-1967 CW, C-09-3329 CW, 2015 WL 6178829 *2 (N.D.Cal. Oct. 21, 2015).

Objector filed a purported declaration stating that she cannot afford to

1 post an appeal bond. (ECF No. 180-1). The document filed by the Objector is
2 a "purported" declaration because it does not state that it is made under
3 penalty of perjury as required by law. *See* 28 U.S.C. § 1746. Accordingly, it
4 cannot be considered as evidence by the Court. Consequently, the first factor
5 favors imposing a bond.

6 Factor two also favors requiring a bond. In considering the second
7 factor, the risk that Objector will not pay costs in the event costs are imposed,
8 courts have recognized that it can be difficult to collect costs from out-of-state
9 appellants. *Keller v. National Collegiate Athletic Association,* 2015 WL
10 6178829 *3. Objector resides in Texas, not only outside of California, but
11 outside of the Ninth Circuit. Accordingly, consideration of the second factor
12 favors imposing a bond.

13 Finally, a consideration of the merits of Objector's appeal also favors the
14 imposition of a bond. Objector's challenge to the award of attorneys' fees is
15 meritless as the Court awarded attorneys' fees at 25% which was consistent
16 with the requests made by Objector and others. Objector's challenge to the
17 incentive awards is meritless as Objector misread the award provision of the
18 settlement. The incentive award authorized was an immaterial $543 per
19 class representative more than suggested by Objector, despite her misreading
20 of the award provision. Objector's challenge to the claims process, asserting
21 that a claim could be rejected without explanation, was incorrect. Objector's
22 challenge to the length and nature of the injunction also was considered by
23 the Court and rejected.

24 Accordingly, an appeal bond is appropriate.

25 II. Amount of the Bond

26 The Ninth Circuit has defined the term "costs" as used in Rule 7 to

include the costs specified in Rule 39, Fed. R. App. P., and "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian v. Federated Department Stores, Inc.,* 499 F.3d 950, 958 (9th Cir. 2007). Rule 39(e) provides that the following costs may be taxed in the District Court: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Costs under Rule 39, however, do not include damages and costs which may be available to a party opposing a frivolous appeal. *Azizian,* 499 F. 3d at 958-59.

The Ninth Circuit has not decided the extent to which an appeal bond can include administrative or other delay costs attendant to an appeal of a class action settlement by an objector. The court of appeals, in the context of attorneys' fees, has determined that such fees may be encompassed by an appeal bond only where a fee-shifting statute allows for it. *Azizian,* 499 F.3d at 958. Following the rationale of *Azizian,* courts have declined to include delay costs and administration costs in the amount of an appeal bond in the absence of an applicable cost-shifting statute. *See Keller v. National Collegiate Athletic Association,* 2015 WL 6178829 *2; *Schulken v. Washington Mutual Bank,* No. 09-CV-02708, 2013 WL 1345716 *6-7 (N.D.Cal. April 2, 2013). Courts that have included administrative costs in an appeal bond have construed *Azizian* as limited to the question of the inclusion of attorneys' fees. *See In re Netflix Privacy Litigation,* No. 5:11-CV-00379-EJD, 2013 WL 6173772 *4 (N.D.Cal. November 25, 2013); *Miletak v. Allstate Ins. Co.,* No. C 06-03778-JW, 2012 WL 3686785 *2 (N.D.Cal. August 27, 2012).

This Court is of the view that the courts following the rationale of

1  *Azizian* have the better of the argument.  Accordingly, the Court will not
2  include administrative costs in the appeal bond.
3       Plaintiffs assert that they anticipate taxable costs of approximately
4  $2500.  Objector challenges that amount as lacking in support.  A brief
5  review of cases requiring an appeal bond for taxable costs in this context
6  reveals that $2500 is a conservative estimate of the costs for appeal.  *See*
7  *Keller v. National Collegiate Athletic Association,* 2015 WL 6178829 *3
8  ($5000); *Schulken v. Washington Mutual Bank,* No. 09-CV-02708, 2013 WL
9  1345716 *6 (same); *Miletak v. Allstate Ins. Co.,* 2012 WL 3686785 *2
10 ($10,000); *Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 *10
11 ($5000).  *But see Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272
12 (W.D.WA. 2013) ($2000).  The Court finds that the estimate of taxable costs
13 of $2500 provided by Plaintiffs is reasonable.
14 III.  CONCLUSION
15      Appellant/Objector is **ORDERED** to post a bond in the amount of
16 $2500 in order to proceed with her appeal.

18  Dated:   February 29, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge