UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>SCHIFF NUTRITION INTERNATIONAL, INC., et al.,<br><br>                            Defendants. | Case No.:  11cv1056-MDD<br><br>**ORDER DENYING OBJECTOR HAMMACK'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>**[ECF NO. 179]** |

Before the Court is a Motion for Attorney's Fees and Costs, filed on February 8, 2016, by objector Ashley Hammack ("Objector").  (ECF No. 179). Plaintiffs responded in opposition on February 11, 2016.  (ECF No. 181).  As provided below, Objector's motion is **DENIED.**

PROCEDURAL BACKGROUND

Plaintiffs Luis Lerma, Nick Pearson, and Muriel Jayson on behalf of themselves and all others similarly situated, brought a class action Complaint against Defendants Schiff Nutrition International, Inc., and Schiff Nutrition Group, Inc. (ECF No. 33).   Plaintiffs alleged that in its marketing

1

1 of various products containing glucosamine offered to the public to treat joint
2 ailments, Defendants violated the Consumers Legal Remedies Act, Civil Code
3 § 1750, et seq.; Unfair Competition Law, Business and Professions Code §
4 17200 et seq.; Illinois Consumer Fraud Act, 502/1, et seq.; personal
5 injuries/medical monitoring; personal injuries/negligence; and breach of
6 express warranty. (*Id.* at 33).

7  Sometime before March 25, 2014, the parties reached a settlement
8 culminating in the filing of a motion for preliminary approval of the class
9 settlement on that date. (ECF No. 81). On August 6, 2014, following a
10 hearing, the Court declined to preliminarily approve the settlement. (ECF
11 No. 100). Plaintiffs filed a supplemental motion for preliminary approval on
12 September 15, 2014. (ECF No. 107). On November 21, 2014, the Court
13 issued an order that preliminarily approved the settlement agreement. (ECF
14 No. 113). On August 10, 2015, Plaintiffs filed a Motion for Final Approval of
15 Class Action Settlement, Attorneys' Fees and Expenses, and Service Awards.
16 (ECF No. 153). On October 30, 2015, the Court held a fairness hearing.
17 (ECF No. 169). On November 3, 2015, the Court entered its Order granting
18 final approval. (ECF No. 171).

19  <u>Hammack Objections</u>

20  Objector Ashley Hammack filed her objections to the proposed
21 settlement on September 24, 2015. (ECF Nos. 157, 158). Objector, through
22 counsel, objected to the terms of the injunctive relief to be awarded in
23 settlement, to the monetary relief, to the claims process, to the award of
24 attorneys' fees and to the incentive awards to the representative plaintiffs.

25  Ms. Hammack objected to the terms of the proposed injunction arguing
26 that the term of the injunction should be extended from two years to five

years and that the injunctive relief was illusory because Defendants could seek relief from the court. (*Id.*). The Court rejected Ms. Hammack's objections to the injunctive relief stating:

> The Court has considered and rejects Objector Hammack's concern that the injunction is inadequate because its scope is limited to 24 months. The Court acknowledges that a 5 year injunction, as urged by Objector Hammack, would be more beneficial to the Class, but, as the parties correctly argue, the Court's role is to determine whether the relief is adequate and fair, not whether it is perfect or even optimal. *Hanlon*, 150 F.3d at 1027.
>
> The Court further rejects Objector Hammack's objection that the relief is illusory because Defendants can resume deceptive practices at any time before expiration of the 24 month period merely by petitioning the court. As the parties argue, the Settlement Agreement provides a safeguard against this by only permitting lifting of the injunction if Defendants present independent, well-conducted, published clinical trial/s supporting Defendants' representations.

(ECF No. 171 at 15-16).

Ms. Hammack objected to the monetary relief to be provided to the class because it did not require Defendants to disgorge profits and because Defendants have not disclosed the extent to which their payments to the settlement fund were covered by insurance. (ECF No. 158 at 2). The Court rejected these objections on the grounds that non-restitutionary disgorgement was not available and, to the extent that punitive damages were available, a particularized, individual showing was necessary which likely would defeat class certification on those claims. (ECF No. 171 at 12-13). The Court rejected Ms. Hammack's objection regarding insurance coverage as it was based on purely speculative concerns. (*Id.* at 13).

Ms. Hammack objected to the claims process on the grounds that a claim could be rejected based on a deficiency without explanation. The Court

1 rejected Ms. Hammack's objections because the parties agreed that rejected
2 claims would contain an explanation for the rejection and provide for 30 days
3 for the claimant to correct the deficiency.  (*Id*. at 16).

4 Objector challenged the requested attorneys' fees asserting that 33% of
5 the settlement fund was too much and that the fees should be capped at 25%.
6 Two other objectors also challenged the request for 33% of the settlement
7 fund as attorneys' fees.  (*See SUPPLEMENTAL BRIEF OF AMICI CURIAE*
8 *TRUTH IN ADVERTISING, INC. AND AARP IN OPPOSITION TO*
9 *PROPOSED SETTLEMENT*, ECF No. 144 at 3-5; OBJECTION OF
10 CHARLES M. THOMPSON, ECF No. 162 at 4-5).  After a detailed analysis,
11 the Court agreed with the objectors and ordered that the attorneys' fees were
12 limited to 25% of the settlement fund.  (ECF No. 171 at 20-26).

13 Finally, the Court dispensed with Ms. Hammack's objection to the class
14 representatives' incentive awards.  Objector's misreading of the settlement
15 agreement caused her to believe that each class representative would be
16 receiving an incentive award of $10,000.  In fact, the three representatives
17 were to split a total of $10,000 which the Court found to be fair.  (*Id*. at 18-
18 19).

19 On November 19, 2015, Objector filed a notice of appeal of this Court's
20 Order approving the settlement.  (ECF No. 174).  Despite challenging the
21 fairness and adequacy of the settlement approved by the Court, Objector filed
22 the instant motion seeking attorney's fees because the Court awarded
23 attorneys' fees to class counsel at 25% of the settlement fund rather than the
24 requested 33%.  (ECF No. 179).   Objector seeks an award of $125,000 in
25 attorney's fees representing 25% of the $500,000 added to the settlement
26 fund as a consequence of the reduced fee award to class counsel.

## ANALYSIS

The entirety of Objector's position regarding the award of attorneys' fees to class counsel consisted of two paragraphs. Paragraph one stated:

> The Court should cap Class Counsel's fee award to 25% of the settlement fund. Class Counsel has not provided any support as to why the Court should veer from its 25% baseline to award one-third of the entire settlement fund. The crux of Class Counsel's justification of its fee award is the injunctive relief. As noted above, the injunctive relief is inadequate and illusory. Additionally, Class Counsel has not informed the Class as to the value of the injunctive relief and, as a result, its value should be disregarded or significantly discounted when determining a reasonable fee award.

[ECF No. 158 at 3]. Paragraph two requested the Court to further reduce the fee award because class counsel posted their fee motion only on the Court docket and not also on the class website. (*Id.* at 3-4).

The Court rejected the reduction request presented in Objector's second paragraph. Accordingly, the question is whether the Court's decision to award class counsel attorneys' fees in the amount of 25% of the settlement fund was influenced by Objector's actions. *See Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 963 (9th Cir. 2009). In *Rodriguez*, the court of appeals remanded to the district court a determination of the extent to which objectors influenced the district court's decision to reject incentive awards to class representatives. The court of appeals specifically found that the issue of the reasonableness of those awards was not considered by the district court until the objectors presented their concerns. That certainly is not the case here.

Objector was one of three objectors (actually one *amici curiae* and two objectors) presenting concerns regarding the amount of attorneys' fees

1    requested by class counsel.  The other objectors presented far more in terms
2    of argument and case citations than Objector.  (*See SUPPLEMENTAL*
3    *BRIEF OF AMICI CURIAE TRUTH IN ADVERTISING, INC. AND AARP*
4    *IN OPPOSITION TO PROPOSED SETTLEMENT*, ECF No. 144 at 3-5;
5    *OBJECTION OF CHARLES M. THOMPSON*, ECF No. 162 at 4-5).  Counsel
6    for Truth in Advertising, Inc./AARP appeared at the final hearing.  Neither
7    objector nor counsel for objector appeared.  (ECF No. 169).

8         As early as the hearing on the motion for preliminary settlement, held
9    on July 10, 2014, the Court expressed concerns regarding the attorneys' fees
10   to be requested.  (*See Transcript of Motion Hearing,* ECF No. 122 at 9 (using
11   ECF page numbering (actual page 7 of transcript)).  Ultimately, the Court's
12   analysis covered six pages and, as should be apparent, was based upon its
13   own perceptions and not inspired by any of the objections.  (*See* ECF No. 171
14   at 20-26).

15        Objector has appealed the fairness of the settlement to the Ninth
16   Circuit.  (ECF No. 174).  It takes more than a little bit of hubris to challenge
17   the fairness of a settlement, on the one hand, and seek fees for having helped
18   bring about the allegedly unfair result.

19        Finally, as argued by Plaintiffs, Objector's motion for attorney's fees is
20   not timely.  Rule 54(d)(2)(B)(i), Fed. R. Civ. P., required this motion to be filed
21   "no later than 14 days after the entry of judgment."  Judgment was entered
22   on November 3, 2015.  (ECF No. 171).  The instant motion was filed on
23   February 8, 2016, far beyond the 14 day period, with no explanation for the
24   delay or request for relief from the operation of Rule 54.
25   //
26   //

## CONCLUSION

Objector Hammack's motion for attorney's fees and costs is **DENIED.**

Dated:   March 1, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge